(9 Misc. Rep. 491.)

### L'ARTISTE PUB. CO. v. WALKER.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

APPEAL—REVERSAL.

　　Where there is an inconsistency in the findings, which requires a reversal of the judgment, a new trial must be ordered as to all the issues.

Appeal from first district court.

Action by L'Artiste Publishing Company against Isaac Walker. From so much of a judgment as fails to award the amount claimed in plaintiff's first cause of action, plaintiff appeals. Reversed.

　Plaintiff sued upon a contract, in accordance with which advertising was alleged to have been done for defendant by the former at an agreed price. A claim for the value of certain printing was also made as a second cause of action. Defendant pleaded a general denial as to the first cause of action, and set up, as a further defense, the allegation that the contract for the ad-

vertising in question was made with one Tongue, and that payment was agreed to be accepted by the latter in the form of clothing furnished by defendant, a tailor. To the second cause of action the answer was a general denial. The justice gave judgment for the plaintiff upon the second cause of action, and found in favor of defendant upon the first.

Argued before BOOKSTAVER and BISCHOFF, JJ.

C. J. G. Hall, for appellant.

Christian G. Moritz, for respondent.

PER CURIAM. It appears that the defendant affirmed the contract for advertising claimed to have been made with Tongue one year after the same had been performed. A bill for clothing was sent in accordance with the agreement as alleged by defendant, wherein credit for the agreed price of the work was given. The printing work, which was the subject of the second cause of action, having been furnished by plaintiff through negotiations had with Tongue in manner similar to those which took place as to the advertising, and with the same provision for payment "in trade," the finding in favor of plaintiff upon that issue establishes the fact that Tongue's arrangement for individual payment in clothing furnished was held by the justice to in no way affect the plaintiff's right of recovery, and it appears from the defendant's testimony that the said Tongue was understood to be acting for the plaintiff corporation. Moreover, it appears from a letter sent by defendant to plaintiff shortly before suit was brought, and received in evidence, that the former reaffirmed his subsequent acceptance of the contract as performed by expressing his reliance upon the bill for clothing above referred to, with the credit for advertising work, and threatening to sue plaintiff for the balance due thereon. Upon the record, the determination of the justice upon the several issues presents an inconsistency which would require a reversal of the judgment, and, in this connection, a new trial of all the issues must be ordered. Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324. Judgment reversed, and new trial ordered, with costs to abide event.