David O. Nichols, Respondent, *v.* The Sixth Avenue Railroad Company, Appellant.

Negligence.  While passengers have no right to jump off the car (of a horse-railroad) while in motion, or to make an attempt to do so, yet they are authorized to prepare to leave, when there is evidence of an intention to stop, or any signal given for such a purpose.  The mere preparation to leave a car, while it is in motion, is not of itself negligence.

Where the driver of a street car has been notified by a passenger to stop the car, and does so partially, and then starts on again without notice, he is chargeable with negligence.

Question for Jury.  Where the facts or inferences to be drawn from them are in some degree doubtful, the only proper rule is to submit the whole matter to the jury, with proper instructions.

The action was brought against the defendant, in the Superior Court of New York, for damages sustained by the plaintiff, in consequence of injuries received by him, in being thrown from a one-horse car of the defendant, through the negligence of the defendant's driver.  The plaintiff on the ninth day of August, 1858, wishing to go inside of the car with a bundle of newspapers, which he was carrying for his mother, who kept a newspaper stand at the corner of Thirteenth street and Sixth avenue, was directed to get on the outside.  While starting to get off he was thrown from the car by its sudden movement, and seriously injured.  The cause was tried before a jury, and one of the judges of the Superior Court, and the jury rendered a verdict in favor of the plaintiff for $2,500.  Upon the trial exceptions were taken by the defendant, to the refusal to dismiss the complaint by the court, and to the refusals to charge as requested, which are sufficiently stated in opinion.  Judgment was entered, and after affirmance on appeal by the General Term the defendant appealed to this court.

*John Slosson*, for the appellant.

*William Fullerton*, for the respondent.

Miller, J.  At the close of the plaintiff's case, the defendant's counsel moved to dismiss the complaint upon the

ground, that the evidence was not sufficient to justify the jury in finding that the disaster was occasioned by negligence on the part of the defendant; also, that the evidence did show that the disaster was occasioned by negligence on the part of the plaintiff; and upon the further ground, that, in any aspect of the case as then presented by the evidence, it was a case of mutual negligence, the negligence of the plaintiff concurring with that of the defendant, to produce the injury, and contributing and conducing to bring it about. The same motion was renewed at the close of the defendant's evidence, upon the same ground, and upon the additional ground that the plaintiff's case was not improved by the testimony given subsequent to the time of resting.

The principles which are applicable to this class of cases, have been frequently adjudicated, and are so well understood, that it is unnecessary to discuss them at length at this time. The negligence alleged against the plaintiff was, that he had left his seat, a place of perfect safety and security, while the car was in motion and taken a position on the step of the car, which exposed him to danger, and was the means of causing the injury. Unexplained of itself, the fact of thus voluntarily assuming a risk of this kind would seem to sanction the ground taken by the defendant, for where a passenger thus places himself in a dangerous and unusual position, and exposes himself to extraordinary hazards, the presumption would be, that he was careless and negligent, and this presumption he would be bound to rebut, in an action to recover damages for injuries sustained. The evidence of the plaintiff, however, shows that the plaintiff desired to get inside of the car, and was prohibited by the driver from doing so, and compelled to take a seat with him outside, in company with two other persons. Before arriving at the corner of Thirteenth street, he asked the driver, with whom he had rode before, and who knew where he usually left the car, to stop as he wanted to get off. At this time the horse was on a trot, and he was brought down to a walk. The plaintiff then got on to the step with both of his feet, having the papers under his arm, and with his left hand on the han-

dle of the driver's platform.  He sat next to the driver, and was obliged to pass two persons to get to the steps.  He supposed that the driver was going to stop, and, while standing there waiting for the car to stop, requested him again to stop.  There was a sudden start of the car, the horse going on a trot, the plaintiff was thrown from the car, struck by the wheel and seriously injured.  There was no brake on the car.  The facts as established by plaintiff's evidence proved, that he notified the driver in due season, and that he had reason to believe that the car was going to stop.  He was very near him at the time, and had a right to suppose that the driver heard him when he spoke.  More especially was he justified in thus believing from the fact, that the horses were brought to a walk, and the fact that he spoke to him a second time.  With these indications, I think he had a right to assume that the driver intended to stop, and that he exercised the ordinary care and diligence which the occasion demanded, in preparing to get off.  I am not aware of any rule which demands that a passenger on a railroad car in a city shall wait and remain in his seat, after indications have thus been made manifest that the car is about to stop, without making any movement whatever to leave.  He has a right to assume, from the surrounding circumstances, that a driver of a car, after having been spoken to once or twice, and after making motions to stop the car, will allow him to leave without proceeding further; and, when he acts upon such an assumption, negligence cannot fairly be imputed to him.  The passenger has no right to leave the car, to jump from it while in motion, but he has a perfect and unquestionable right to prepare to leave after notice given, and particularly after he has received intimations that his notice is understood.  There is no such rule of law which requires him to keep his seat, until the very moment that the car has actually stopped.  The plaintiff had a right, then, to start to leave when he had spoken to the driver, and, unless he was careless and negligent in doing so, he did not lose his right to recover damages.  Certainly, it is not clear that he was guilty of negligence, and there was no ground for dismissing

the complaint for any such reason. The proof as to the defendant's negligence showed, that, although the speed of the car was stopped when the driver was spoken to by the plaintiff, it moved on after he had thus indicated that he intended to make a full stop, and after he had twice been requested to let the plaintiff get off. It was clearly evidence of negligence thus to proceed. The driver had compelled the plaintiff to take a seat outside of the car, and, as his testimony afterward shows, he knew that he usually left the car at this place. Apparently, after being spoken to, he paused, thus luring the plaintiff on to danger, and then allowing the car to be suddenly started and producing the catastrophe which followed. Drivers of street cars have no right to hold out inducements to persons traveling by that mode of conveyance, which may lead them into danger, and it is of no little importance to the thousands who use this means of transportation, that the rule should be settled, that they are bound to be cautious in this respect, and that the employees are liable for a failure to perform a plain duty. There was some evidence of negligence on the part of the defendant's agent in this case, and I am not prepared to say as a question of law, that there was such a failure of proof, as authorized the court to take the case from the jury. The original motion to dismiss the complaint was, therefore, properly denied, as none of the grounds taken are maintainable.

The defendant introduced evidence contradicting the plaintiff's testimony as to the main facts, and tending to establish that the plaintiff was in fault. The driver denies that he heard the plaintiff ask him to stop, and it is claimed that the plaintiff attempted to get off. He had no right to leave the car while in motion, and had he done so, or attempted to do so, the defendant would not have been liable. Whether such was the fact, and which version of the transaction was the true one, was a question of fact for the jury. It is by no means manifest from the defendant's testimony, that the plaintiff was negligent, or the defendant entirely free from it. It only created a conflict in the testimony, which it was eminently proper to submit to the determination of the jury.

It is said, that the judge erred in refusing to charge, that it was negligence on the part of the plaintiff to attempt to get off the car while in motion, and that the plaintiff was not entitled to recover. This request of the defendant's counsel assumes that the plaintiff entirely failed to make out a case, and presents the same point which I have discussed in referance to the motion to dismiss the complaint, and the views I have expressed are applicable here. It was clearly a case where the facts, or inferences to be drawn from them, were in some degree doubtful, and the only proper rule under such circumstances is to submit the whole matter to the jury with proper instructions, as is manifest was done by the judge in his charge. He left it for the jury to determine, whether the plaintiff was negligent, and no exception was taken to his charge in this particular.

The request to charge, that the plaintiff was negligent in placing himself upon the steps while the car was in motion, comes within the rule last stated, and is covered by the remarks already made. The judge's charge also covered the request to charge, that a passenger had a right to retain his seat until the car stops, and the refusal or neglect of the driver to stop the car when requested does not justify the passenger in attempting to leave the car while in motion, and that, if he makes such attempt, he does it at his own risk, and is guilty of negligence, and cannot recover. The whole question of negligence was submitted to the jury, and I think embraced this proposition. The mere preparation to leave a car while in motion is not of itself negligence, as I think I have shown, if there are indications of its stopping, and the abstract proposition presented by this request would compel a passenger to remain quiet in his seat until there was an entire stop, which I do not think the law demands. Such a rule would require unusual delays in the transportation of passengers by means of city railroad cars, and I think is not necessary in the exercise of a proper degree of care and caution. While passengers have no right to jump off a car while in motion, or to make an attempt to do so, yet, they are authorized to prepare to leave when there is evi-

dence of an intention to stop or any signal given for such a purpose.

The request to charge, that the absence of a brake was immaterial, and did not constitute negligence, was also properly refused, because it was substantially covered by the charge made. The judge charged in substance, that, if the fact was, according to the driver's theory, that he heard no request of the boy to get off, and had no idea of his attempting to do so, then no injury could have resulted from the absence of a brake; while, if it were otherwise, we might suppose the brake would serve to prevent the start, or prevent any jar that would throw the boy, and, under such a state of circumstances, it would be unimportant whether there was or was not a brake. This I think was all that the case required, and was a proper presentation of the subject, and no exception was taken to this part of the charge.

I have examined the other exceptions to the refusal to charge, and have arrived at the conclusion, that they are not well taken, and demand no discussion. The judgment appealed from should be affirmed.

Judgment affirmed.