J. A. P. METHVIN, plaintiff in error, *vs.* MARY J. SHOR-TER *et al.*, defendants in error.

· (JACKSON, Judge, having been of counsel, did not preside in this case.)

On the facts of the case there was no abuse of discretion in granting a new trial, whether the judge erred in any of his rulings on the former trial or not. If he did err, as he has granted a new trial, it is fair to presume that he will discover and correct his own errors.

New trial. Before Judge WRIGHT. Quitman Superior Court. November Term, 1875.

Report unnecessary.

J. H. GUERRY; GUERRY & SON, for plaintiff in error.

A. HOOD; S. W. GOODE, for defendants.

BLECKLEY, Judge.

After verdict finding the property levied upon subject, the claimants moved for a new trial on fifteen grounds, among

them that the verdict was contrary to evidence. The court granted a new trial, and that judgment is the one sought to be reversed.

When the grant of a new trial is, as in this case, general, not put by the presiding judge upon any particular ground or grounds of the motion, it should be assumed that whatever errors the judge committed on the trial, he has discovered for himself and means to correct for himself. If, in the motion, there be a single ground upon which the order for a new trial is clearly warranted, an affirmance by this court must necessarily follow; and when that result is arrived at, it seems mere *amateur* work to search for errors, which when found, will be of no avail against the judgment under review.

On looking into the evidence, and treating the verdict as an entirety, the whole of the property under levy having been found subject, we are unable to pronounce that the judge abused his discretion in granting a new trial. With such evidence as we find in the record, the first grant of a new trial should undoubtedly be acquiesced in. The discretion of the judge is wide, and we are determined not to contract it.

If, in charging the jury, or otherwise, the judge committed any errors, he will have an opportunity of correcting them on the second trial. As he has ordered a new trial the whole case is still within his control, and he may give to it such final shape as will leave no cause of complaint to either party.

Judgment affirmed.