PHILIP H. DELANE, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

Discretion not abused in granting a new trial.

New trial. Before Judge HILL. Bibb Superior Court. October Adjourned Term, 1876.

Reported in the opinion.

JOHN C. RUTHERFORD, for plaintiff in error.

R. F. LYON, for defendant.

BLECKLEY, Judge.

A passenger paid for transportation to a certain mile post. The conductor engaged to stop there and put him off. On nearing the point, the passenger left the car, and took his position on the steps, ready to land. The speed of the train, however, was but slightly checked; and while the passenger was upon the step, and somewhat incumbered with baggage, the train being in rapid progress, a sudden jar took place by some movement of the cars, and he lost his footing and fell to the ground. He was painfully and permanently injured. He sued the railroad, and the jury gave him a verdict for over two thousand dollars damages. The court granted a new trial. On the facts in the record, we cannot say that the court abused its discretion.

Reluctant as a party may be to have a verdict which is satisfactory to himself set aside, it will happen occasionally that the presiding judge, looking at the matter from a more disinterested standpoint, will deem it his duty to order a new trial. It is a rare occurrence that such a thing is done without some good reason for it. There is, so far as we have observed, no tendency to take undue freedom with verdicts. There is, and there ought to be, much sacredness in the verdict of a jury, and this is nowhere better understood or more profoundly realized than in the courts where verdicts are rendered. It seems to us they are there respected at their true worth; and the few instances in which the judges exercise their constitutional power of granting new trials, should not be regarded by parties and counsel grudgingly. A good case will not be apt to miscarry on a second venture. If it is plain enough for a reviewing court to discern its merits, the chances are, that it will not be less plain on another presentation in the superior court. In view of the very many rulings of this court on the subject, we are of opinion that we cannot reverse the judgment granting a new trial. We purposely confine our opinion to this one point. The case will be tried *de novo*, and if any

errors were committed on the former trial, the presumption is they will be corrected or avoided in the next. 56 *Ga.*, 83, 398.

Cited for plaintiff, 9 *Ga.*, 410; 56 *Ib.*, 599; 40 *Ib.*, 266; 17 *Ib.*, 267; Code, §§2972, 3034; 18 *Ga.*, 680; 28 *Ib.*, 93, 116; 35 *Ib.*, 105; 38 *Ib.*, 431; 40 *Ib.*, 135, 666; 37 *Ib.*, 694; 45 *Ib.*, 288; 38 N. Y., 131; Sher. & Red. on Neg., 383; Whar. on Neg., 364. For defendant, Code, §3030; 26 Ill., 373; 44 *Ib.*, 460; 26 Ind., 228, 459; 28 *Ib.*, 441; 9 La. An., 441; 23 Penn. St., 147; 6 Gray, 64; 50 *Ga.*, 353.

Judgment affirmed.