### DELANY *v.* VAN DERVEER.

*(City Court of New York, General Term.  October 3, 1889.)*

PLEADING AND PROOF—VARIANCE.

 In an action for $400, paid defendant for certain stock, the complaint alleged that defendant had agreed to deliver 10 shares of stock in consideration thereof, which he refused to do; but plaintiff testified that he had agreed to pay $50 a share for the stock, and that defendant had asked him when he would pay the balance. There was no evidence of a tender of the balance of the price, or of a new agreement to reduce the price, and there were no circumstances excusing tender. *Held,* that the variance was fatal.

Appeal from trial term.

Action by William H. Delany against John R. Van Derveer. The complaint alleged that defendant agreed to deliver to plaintiff 10 shares of stock in the American Baking Powder Company for $400; that pursuant to this agreement plaintiff paid the purchase price, $400, and thereafter demanded his stock, which defendant refused to deliver. Defendant pleaded that the purchase price was $500; that the $400 referred to by plaintiff was a payment on account; and that defendant was at all times willing to deliver the stock on receiving $100,—the balance of the purchase money. Plaintiff, upon cross-examination, testified that he had agreed to pay $50 a share, and that defendant had sent for him, and asked when he would pay the balance. Upon the conclusion of plaintiff's evidence, defendant moved to dismiss the complaint on the ground that by plaintiff's testimony the contract for the purchase of the stock was $500; and that plaintiff not having paid that amount, but only $400, could not recover. The motion was denied, and defendant excepted. The court submitted to the jury, as a disputed question of fact, whether the stock was sold for $400 or for $500, and told them that if the sale was at $400 the stock had been paid for. Verdict for plaintiff for $400, and interest, and from judgment thereon defendant appeals.

Argued before McADAM, C. J., and NEHRBAS, J.

*Charles De Hart Brower,* for appellant.     *George W. Gibbons,* for respondent.

PER CURIAM. The plaintiff's own evidence showed that the contract to purchase was for 10 shares at $50 a share, aggregating $500, and that the $400 paid was not in full, but on account. The plaintiff's evidence fails to show that any specific time for the delivery of the stock was fixed, or that there was any unconditional refusal to deliver it. No new agreement was made by which the price was reduced to $400. No tender of the $100 was made, and nothing was proved which put the defendant in default. There was nothing on which the trial judge was authorized to submit to the jury the question whether $400 was not the contract price, because the plaintiff, aside from his complaint, admitted it was $500. No rescission of the contract was proved, and none declared upon; nor was fraud or deceit alleged or proved. The action was brought on the improper theory that $400 was the contract price, when it was in fact $500. The proofs entirely failed to prove the cause of action as alleged, and there was a fatal variance with the case alleged and the facts proved. It won't do to allege one thing and prove another. The *allegata* and *probata* must agree. Bouv. Dict. If the contract had been for $400, the plaintiff, having paid this sum, would have been entitled to his stock as of course, and it would have devolved upon the defendant to show some good excuse for not delivering it. But the purchase price was $500, and no active duty devolved upon the defendant in respect to the delivery of the stock until the balance of $100 was paid or tendered, in which case it would have been his duty to have delivered the stock, or been liable to an action for the return of the consideration, or for damages for breach of contract. If the defendant had declared his inability to deliver the stock, no tender of the $100 would in that case have been necessary, for it would then have become an idle ceremony. But the defendant did not declare his inability to deliver. Excuses were given, according to the plaintiff's evidence, for the delay in non-delivery, but the plaintiff apparently acquiesced in these, for he could have terminated them by a tender of the $100, if he had made it, accompanied by a demand for the stock. Upon the pleadings and proofs, the complaint ought to have been dismissed; and for the error of the court in refusing to dismiss the same the judgment must be reversed, and a new trial ordered, with costs to abide the event.