(8 Misc. Rep. 9.)

### BRADY v. NALLY.

(Superior Court of New York City, General Term.   April 2, 1894.)

TRIAL—FINDINGS OF FACT—VARIANCE.

> An answer which alleges, as a counterclaim, "plumbing materials and labor" furnished by defendant to plaintiff, is not sustained by a finding that defendant furnished, besides plumbing materials and labor, "gas fitting, sewer excavation, and pipes for sewers and gas, and labor connected therewith."

Appeal from judgment on report of referee.

Action by James H. Brady against Christopher Nally.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

Arnoux, Ritch & Woodford (William H. Arnoux, of counsel), for appellant.

Henry Steinert, for respondent.

GILDERSLEEVE, J.   The plaintiff appeals from the judgment rendered herein, so far as it relates to the allowance of a certain counterclaim.   The counterclaim was set up in the answer as follows, viz.:

"And, for a further and third counterclaim to said plaintiff's claim herein, the defendant alleges that at divers times between the 16th day of May, 1888, and the —— day of ——, 1888, this defendant, at the special instance and request of the plaintiff herein, furnished to said plaintiff plumbing materials and labor, at the schoolhouse situated on the northeasterly corner of Ninety-Sixth street and Lexington avenue, in the city of New York, and that said materials and labor have amounted to the sum of $4,495.60, but no part of said sum has been paid."

Under this allegation, which claims an indebtedness for plumbing material and labor of the value of $4,495.60, the referee has found a contract for $11,000, embracing, besides plumbing materials and labor, gas fitting, sewer excavation, and pipes for sewers and gas, and labor connected therewith; and the referee has found, further, "that the plaintiff has failed to pay the defendant for work performed and materials furnished under said contract, as in and by said contract provided, amounting to the sum of $4,496.66."   The evidence discloses that the work actually done consisted, in part, of putting in a sewer and blasting on three different drains.   So far as appears, the work and materials not paid for, and for which an award is made in excess of plaintiff's claim, might not have included any plumbing material and labor whatever.   It will not do to allege one thing, and then prove another, and be allowed to recover thereon.   The rule is correctly stated in Abbott's Brief on Pleadings (section 1027, p. 802), as follows:   "A party, whether plaintiff or defendant, must prevail according to the case made by his pleadings, or not at all, secundum allegata as well as probata."   See Wright v. Delafield, 25 N. Y. 266; Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Delany v. Van Derveer (City Ct. N. Y.) 7 N. Y. Supp. 132.   The findings of fact do not sustain the allegations of the an-

swer in respect of the counterclaim under consideration. The proper remedy is a reversal of the entire judgment, and a new trial of all the issues. Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324. Judgment reversed, and a new trial granted, with costs to abide the event.