Gtldersleeve J.
The plaintiff appeals from the judgment rendered herein, so far as it relates to the allowance of .a certain counterclaim. The counterclaim was set up in the answer as follows, viz: “And for a further and third counterclaim to said plaintiff’s claim herein, the defendant alleges that at divers times, between the 16th day of May, 1888, and the day of 1888, this defendant, at the special instance and request of the plaintiff herein, furnished to said plaintffi plumbing material and labor, at the school house situated at the northeasterly corner of Ninety-sixth street and Lexington avenue, in the city of New York, and that said material and labor have amounted to the sum of $4,495.60, but no part of said sum has been paid. Under this allegation, which claims an indebtedness for plumbing material and labor of the value of $4,495.60, the referee has found a contract for $11,000, embracing, besides plumbing materials and labor, gasfitting, sewer excavation and pipes for sewer and gas, and labor connected therewith; and the referee has, found further “that the plaintiff has failed to pay the defendant for work performed and materials furnished under said contract, as in and by said contract provided, amounting to the sum of $4,496.66.” The evidence discloses that the work actually done, consisted, in part, of putting in a sewer and blasting on three different drains. So far as appears, the work and materials not paid for, and for which an award is made in excess of plaintiff’s claim, might not have included any plumbing material and labor whatever. It will not do to allege one thing, and then prove another, and be allowed to recover thereon. The rule is. correctly stated in Abbott’s Brief on Pleadings, § 1027, page 802, as follows: “A party, whether plaintiff or defendant, must prevail according to the case made by his pleadings, or not at all, secundum allegata as well as probata.” See Wright v. Delafield. 25 N. Y., 266; Day v. Town of New Lots, 107 N. Y., 148; 11 St. Rep. 361; Delany v. Van Derveer, 7 N. Y. Supp., 132 ; 26 St. Rep. 100. The findings of fact do not sustain the allegations of the answer in respect of the counterclaim under consideration. The proper remedy is a reversal of the entire judgment and a new trial of all the issues. Goodsell v. Western Union Tel. Co., 109 N. Y., 147; 15 St. Rep. 73. udgment reversed, and a new trial granted, with costs to abide the event.
All concur.