ARMSTRONG v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1899.)

STREET RAILROADS—PASSENGERS—ALIGHTING FROM MOVING CAR.

> A passenger on a street car signaled the conductor to stop the car, and, as it was slowing down, he prepared to get off. and was injured by the gripman suddenly increasing the speed of the car. *Held*, that he could not recover in the absence of proof that the conductor signaled the gripman, since the latter may have slackened the speed in the exercise of reasonable care in the operation of the car.

Appeal from trial term, Westchester county.

Action by Thomas H. Armstrong against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown (Henry A. Robinson, on the brief), for appellant.
Benjamin F. Gerding (John H. Clapp, on the brief), for respondent.

WOODWARD, J. This is an action for the recovery of damages sustained by the plaintiff through the alleged negligence of the defendant. The action has been previously tried, and a judgment in favor of the plaintiff was reversed, on the ground that no negligence on the part of the defendant was shown. Substantially the same state

of facts is proven on the second trial. The learned trial court, in its charge to the jury, in speaking of the plaintiff, says:

"If you should find that he gave the signal to the conductor, that the conductor recognized that signal as a signal to stop, and thereupon the conductor indicated to the gripman in some manner that a passenger wished to alight, and the gripman slowed up with the purpose of giving him an opportunity to alight, and without any warning, without coming to a full stop, started the car up suddenly again, and threw the plaintiff into the street, then you would have a right to find that the motorman was negligent in the management of that car, that he failed in his duty to give this plaintiff a reasonable opportunity to alight in safety, and to find that the defendants were negligent in that respect."

Defendant's counsel excepted "to that portion of your honor's charge wherein you say that, if he gave the conductor some signal to stop, then they may find something wrong"; and it is open to question whether the attention of the trial court was sufficiently called to the objectionable portion of the charge to make it available on this appeal. It is not, however, necessary to consider this question, because we are of opinion that the verdict was against the clear weight of evidence, and that the plaintiff has, as upon the previous trial, failed to sustain his case by that fair preponderance of evidence which is necessary in cases of this character.

There was some evidence tending to show that the plaintiff did signal the conductor; but there was absolutely no evidence that the conductor communicated the signal to the gripman, indicating that the plaintiff wished to alight, or that the gripman slowed up for that purpose. It is true the plaintiff testified that, after he gave the signal to the conductor, the car slowed up; but there is no necessary connection between the two facts. When the location of the accident is considered, having in mind the duty imposed upon the defendant to operate its cars with a reasonable degree of care, so as not to injure pedestrians or vehicles lawfully in the highway, a mere change in the speed of the car is not to be presumed to be in response to a signal from the conductor; nor does it evidence on the part of the gripman an intention or a purpose to give the passenger an opportunity to alight. The slackening of the speed of the car may be due to the exercise of reasonable care in the operation of the car with respect to pedestrians or vehicles; and in the absence of knowledge that the conductor had signaled the gripman to stop, and that he was in the act of doing so in response to the signal, the plaintiff would have no ground for assuming that a change in the speed of the car was intended for his benefit or convenience. The plaintiff, in his testimony, says:

"Just before I got to Barclay street, I signaled the conductor to stop right in front of the entrance to the Astor House, which is about the middle of the block; I should judge about a hundred feet south of Barclay street. He nodded his head to my signal. Then the car slowed down. I don't know that the conductor gave any signal to stop. I did not hear the bell ring. I don't know whether the bell rang or not."

There is in this no evidence that the conductor conveyed any signal to the gripman in response to the signal of the plaintiff, or that the gripman had any notice of his desire to quit the car. It is

not doubted that if the jury could find from the evidence that the conductor did communicate the signal to the gripman, and that the gripman, in response to that signal, slackened the speed of the car for the purpose of allowing the plaintiff to alight, it would be proper for the plaintiff to prepare to get off the car, and it would be negligence for the gripman to suddenly, without warning, increase the speed of the car before the plaintiff had reasonable time to alight. The difficulty is that the evidence falls short of these facts. It simply goes to the extent of proving that the plaintiff signaled the conductor. Beyond this there is no testimony. All of the testimony in reference to the sounding of the bell relates to a time after the plaintiff had arisen and started to get off the car.

In the case of Brady v. Nally, 8 Misc. Rep. 9, 28 N. Y. Supp. 64, the court say:

"The rule is correctly stated in Abbott's Brief on Pleadings (section 1027, p. 802), as follows: 'A party, whether plaintiff or defendant, must prevail according to the case made by his pleadings, or not at all, secundum allegata as well as probata.' "

In the case of Nichols v. Railroad Co., 38 N. Y. 131, the plaintiff was injured by being thrown from the car, in much the same manner as alleged in the case at bar, and the judgment on appeal was sustained. The facts are stated in the opinion of the court:

"Before arriving at the corner of Thirteenth street, he asked the driver, with whom he had rode before, and who knew where he usually left the car, to stop, as he wanted to get off. At this time the horse was on a trot, and he was brought down to a walk. The plaintiff then got on to the step with both of his feet, having the papers under his arm, and with his left hand on the handle of the driver's platform. He sat next to the driver, and was obliged to pass two persons to get to the steps. He supposed that the driver was going to stop, and, while standing there waiting for the car to stop, requested him again to stop. There was a sudden start of the car, the horse going on a trot. The plaintiff was thrown from the car, struck by the wheel, and seriously injured. There was no brake on the car. The facts as established by plaintiff's evidence proved that he notified the driver in due season, and that he had reason to believe that the car was going to stop. He was very near him at the time, and had a right to suppose that the driver heard him when he spoke. More especially was he justified in thus believing from the fact that the horses were brought to a walk, and the fact that he spoke to him a second time. With these indications, I think he had a right to assume that the driver intended to stop, and that he exercised the ordinary care and diligence which the occasion demanded in preparing to get off."

There, it will be observed, was evidence that the driver of the car, who controls its operations, was personally notified, not only once, but twice; and the case is thus presented in a very different light from that of the case at bar, where there is no evidence that the gripman had any signal, or that he was aware of the desire of the plaintiff to leave the car. There is clearly an entire lack of evidence necessary to establish the right of the plaintiff to recover.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.