THOMAS H. ARMSTRONG, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Passenger injured while leaving a cable car — he is not justified in assuming, after signaling the conductor to stop, that a reduction in the speed of the car is made to enable him to alight.*

A passenger in a cable car, which is approaching a street crossing, who has signaled the conductor that he desires to alight, is not justified in assuming that a subsequent reduction in the speed of the car is made for his convenience in alighting, in the absence of knowledge that the conductor had communicated his signal to the gripman, and that the reduction in speed was in response to such signal.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 28th day of May, 1898, upon the verdict of a jury for $1,250, and also from an order entered in said clerk's office on the 28th day of June, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown* [*Henry A. Robinson* with him on the brief], for the appellant.

*Benjamin F. Gerding* [*John H. Clapp* with him on the brief], for the respondent.

WOODWARD, J.:

This is an action for the recovery of damages sustained by the plaintiff through the alleged negligence of the defendant.   The

SECOND DEPARTMENT, JANUARY TERM, 1899.        [Vol. 36.

action has been previously tried, and a judgment in favor of the plaintiff was reversed on the ground that no negligence on the part of the defendant was shown. Substantially the same state of facts is proven on the second trial.

The learned trial court, in its charge to the jury, in speaking of the plaintiff, say : " If you should find that he gave the signal to the conductor ; that the conductor recognized that signal as a signal to stop, and thereupon the conductor indicated to the gripman in some manner that a passenger wished to alight, and the gripman slowed up with the purpose of giving him an opportunity to alight, and without any warning, without coming to a full stop, started the car up suddenly again and threw the plaintiff into the street, then you would have a right to find that the motorman was negligent in the management of that car ; that he failed in his duty to give this plaintiff a reasonable opportunity to alight in safety, and to find that the defendants were negligent in that respect." Defendant's counsel excepted " to that portion of your honor's charge wherein you say that if he gave the conductor some signal to stop, then they may find something wrong," and it is open to question whether the attention of the trial court was sufficiently called to the objectionable portion of the charge to make it available on this appeal. It is not, however, necessary to consider this question, because we are of opinion that the verdict was against the clear weight of evidence, and that the plaintiff has, as upon the previous trial, failed to sustain his case by that fair preponderance of evidence which is necessary in cases of this character.

There was some evidence tending to show that the plaintiff did signal the conductor, but there was absolutely no evidence that the conductor communicated the signal to the gripman, indicating that the plaintiff wished to alight, or that the gripman slowed up for that purpose. It is true the plaintiff testified that after he gave the signal to the conductor the car slowed up, but there is no necessary connection between the two facts. When the location of the accident is considered, having in mind the duty imposed upon the defendant to operate its cars with a reasonable degree of care, so as not to injure pedestrians or vehicles lawfully in the highway, a mere change in the speed of the car is not to be presumed to be in response to a signal from the conductor, nor does it evidence on the

part of the gripman an intention or a purpose to give the passenger an opportunity to alight. The slackening of the speed of the car may be due to the exercise of reasonable care in the operation of the car with respect to pedestrians or vehicles ; and, in the absence of knowledge that the conductor had signaled the gripman to stop and that he was in the act of doing so in response to the signal, the plaintiff would have no ground for assuming that a change in the speed of the car was intended for his benefit or convenience. The plaintiff in his testimony says : " Just before I got to Barclay street I signaled the conductor to stop right in front of the entrance to the Astor House, which is about the middle of the block, I should judge about a hundred feet south of Barclay street. He nodded his head to my signal. Then the car slowed down. I don't know that the conductor gave any signal to stop. * * * I did not hear the bell ring. I don't know whether the bell rang or not." There is in this no evidence that the conductor conveyed any signal to the grip-man in response to the signal of the plaintiff, or that the gripman had any notice of his desire to quit the car. It is not doubted that, if the jury could find from the evidence that the conductor did communicate the signal to the gripman and that the gripman in response to that signal slackened the speed of the car for the purpose of allowing the plaintiff to alight, it would be proper for the plaintiff to prepare to get off the car, and it would be negligence for the gripman to suddenly, without warning, increase the speed of the car before the plaintiff had reasonable time to alight. The difficulty is that the evidence falls short of these facts ; it simply goes to the extent of proving that the plaintiff signaled the conductor ; beyond this there is no testimony. All of the testimony in reference to the sounding of the bell relates to a time after the plaintiff had arisen and started to get off the car.

In the case of *Brady* v. *Nally* (8 Misc. Rep. 9) the court say : " The rule is correctly stated in Abbott's Brief on Pleadings (§ 1027, p. 802) as follows : ' A party, whether plaintiff or defendant, must prevail according to the case made by his pleadings or not at all, *secundum allegata* as well as *probata*.' "

In the case of *Nichols* v. *Sixth Avenue R. R. Co.* (38 N. Y. 131) the plaintiff was injured by being thrown from the car, in much the same manner as alleged in the case at bar, and the judgment on

appeal was sustained. The facts are stated in the opinion of the court : " Before arriving at the corner of Thirteenth street he asked the driver, with whom he had rode before and who knew where he usually left the car, to stop as he wanted to get off. At this time the horse was on a trot and he was brought down to a walk. The plaintiff then got on to the step with both of his feet, having the papers under his arm, and with his left hand on the handle of the driver's platform. He sat next to the driver and was obliged to pass two persons to get to the steps. He supposed that the driver was going to stop, and, while standing there waiting for the car to stop, requested him again to stop. There was a sudden start of the car, the horse going on a trot, the plaintiff was thrown from the car, struck by the wheel and seriously injured. There was no brake on the car. The facts as established by plaintiff's evidence proved that he notified the driver in due season, and that he had reason to believe that the car was going to stop. He was very near him at the time, and had a right to suppose that the driver heard him when he spoke. More especially was he justified in thus believing from the fact that the horses were brought to a walk, and the fact that he spoke to him a second time. With these indications, I think he had a right to assume that the driver intended to stop, and that he exercised the ordinary care and diligence which the occasion demanded in preparing to get off." There it will be observed there was evidence that the driver of the car, who controls its operations, was personally notified, not only once but twice ; and the case is thus presented in a very different light from that of the case at bar, where there is no evidence that the gripman had any signal, or that he was aware of the desire of the plaintiff to leave the car.

There is clearly an entire lack of evidence necessary to establish the right of the plaintiff to recover.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

Order denying motion for new trial reversed and new trial granted upon appellant, within twenty days, paying the trial fee and disbursements of the trial ; and in case of such payment being made the judgment appealed from is vacated. In case of the failure of the appellant to comply with the terms aforesaid, judgment and order appealed from unanimously affirmed, with costs.