## WEINGARTEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   June 21, 1901.)

1. STREET RAILROADS — INJURIES — CONTRIBUTORY NEGLIGENCE — EVIDENCE — QUESTION FOR JURY.

Plaintiff, with others, was engaged in pushing an iron beam up a way extending from the street to a building that was in process of construction. One of defendant's street cars approached, and plaintiff raised his hand, and called to the driver to stop. The driver was looking at him, and took hold of the brake handle. Plaintiff then turned to his work, the car passed rapidly, struck the beam, and plaintiff was injured. Plaintiff testified that the beam was not more than about an inch from the side of the car. *Held*, that the question of plaintiff's contributory negligence was for the jury.

2. DAMAGES—EXCESSIVENESS.

Where plaintiff, in an action for injuries, before the accident had an earning capacity of $12 per week, and had been incapacitated from work for 14 months, and one of his legs was an inch shorter than before, and he experienced considerable pain in it, and it was shown that, owing to the shortening of his leg, he could not do all the kinds of work that he could before, a verdict for $3,000 was not excessive.

Appeal from trial term, New York county.

Action by Henry Weingarten against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
John Vernon Bouvier, Jr., for respondent.

LAUGHLIN, J.   The action was brought to recover damages sustained by plaintiff through the alleged negligence of defendant. A contractor was erecting a new house on the north side of Twenty-Eighth street, between Lexington and Third avenues, and plaintiff was employed on the job as an iron worker. Defendant operated a single-track horse-car railroad through Twenty-Eighth street. Between the track and the northerly sidewalk building material occupied most of the carriage way in front of the premises upon which the new house was being constructed. A runway had been constructed of timbers extending from the doorway of the house to the street, upon which it was intended, by means of rollers and derricks, to run iron beams from the street into the building. On the 7th day of July, 1898, a 24-inch iron beam, 32 feet long, with a 7-inch flange, and weighing from 3,000 to 3,500 pounds, had been left in the street to be transferred to the new building. It obstructed the passage of two cars. Plaintiff and other employés of the contractor started to remove the beam from the street along this runway. The flange rested on the rollers so that the upper edge of the beam was about three feet from the ground. As the outer end of the beam cleared the track, plaintiff, on the suggestion of his foreman, signaled the first car to come on, and it passed slowly, without contact. The evidence is conflicting as to the distance between the end of the beam and the side of this car as it passed. Plaintiff says it was three-

quarters of an inch or an inch, and the driver of the car says it was all of two feet. The passage of the first car had been delayed about four minutes, and of the second car about two minutes. After the first car passed, plaintiff suggested to his foreman that they had to get the beam in, and could not let the other car pass, and the foreman assented, and instructed plaintiff to stop it. The second car had started up, and plaintiff raised his hand, looked over, and said to the driver, who was laughing and talking to two or three fellows who were standing on the front platform, "Stop." At the time plaintiff signaled, the driver was looking at him, and took hold of the brake handle, and plaintiff testified, without objection, that he thought he was going to stop. Meanwhile the foreman was readjusting the appliances in order to get a better purchase on the beam. Plaintiff, after seeing this movement on the part of the driver as if to obey his signal, turned to his work, and put his hands on the beam. The driver, instead of stopping, attempted to pass rapidly, and in so doing the car struck the beam, and slewed it around onto plaintiff. The driver of the street car denies seeing plaintiff, or receiving any signal or warning to stop. He also testified that, when he started to go by, the end of the beam was 10 inches from the side of his car, and the conductor says that it was from 12 to 15 inches therefrom. The evidence presented on behalf of the plaintiff showed that the beam did not slip or move back, and that the front end of the car collided with it; while that on the part of the defendant tended to show that the beam must have slipped and struck the car while it was passing, and that the car did not pass rapidly. There were fifteen cars on the line, five of which were one inch wider than the other ten. The case was submitted to the jury by a charge eminently fair to the defendant, and to which no exception was taken. If the end of the beam was only three-fourths of an inch or an inch from the first car, as testified by plaintiff, the striking of the beam by the second car could be accounted for by its being one of the wider cars, or by the oscillation incident to the sudden starting and rapid movement of the car.

The appellant contends that plaintiff was guilty of contributory negligence as matter of law. According to the testimony of the plaintiff, which was supported by other evidence, he was justified in believing that the driver of the car understood his signal, and was proceeding to stop in accordance therewith. It cannot be said as matter of law that ordinary care and prudence on his part required that he should further neglect his work, and wait to see that the car actually stopped. We agree with the learned trial justice that this was a question of fact for the jury, and their verdict, supported, as it is, by competent evidence, is conclusive upon the question.

The only other point urged by the appellant is that the verdict is excessive. Plaintiff was a skilled workman, and earned on an average of $12 per week. He was incapacitated from work by the injuries for a period of 14 months. As a result of the fracture, his right leg is one inch shorter than before. It was a compound fracture, and the bone was badly splintered. Plaintiff still experiences pain in the leg with changes in the weather, and the medical evidence

is to the effect that this is a permanent condition. Although, fortunately, at the time of the trial, he was earning the same wages as before the accident, the evidence shows that he cannot, on account of the shortening of the leg, do his work as conveniently as formerly, or do all kinds of work now that he could perform before. The verdict is not excessive, and it should not be reduced.

The judgment and order appealed from should be affirmed, with costs. All concur.