### KIMBER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. February 21, 1902.)

STREET RAILWAYS—NEGLIGENCE OF PASSENGER BOARDING MOVING CAR—NEGLIGENCE PER SE.

It is not negligence per se for one to attempt to board a street car moving slower than a man can walk.

Appeal from trial term, Kings county.

Action by Arthur C. Kimber against the Metropolitan Street Railway Company. From an order setting aside a verdict in favor of plaintiff and granting a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. Aspinwall Hodge, Jr., for appellant.
Theodore H. Lord, for respondent.

JENKS, J. The learned trial justice set aside the verdict and granted a new trial upon the sole ground that the evidence did not warrant the finding of the jury that the plaintiff was free from contributory negligence. The version of the plaintiff is that he sought passage on a car of the Second Avenue Line of the defendant at a place where the defendant was operating that line on two middle tracks and its Third Avenue Line on two outside tracks. He stood close to the outside tracks, and saw two cars of the different lines coming abreast. When the cars were 75 feet distant, he looked at the motorman of the Second avenue car and the motorman looked

at him.   He signaled to the motorman by wave of hand, and the
motorman applied the brake.   The cars came on, but the Third ave-
nue car shot ahead, and the plaintiff waited until it passed, in order
to cross the track to the Second avenue car.   He then passed around
to the rear of the Second avenue car.   The plaintiff says that this car
was then moving, but slower than a man could walk.   His witnesses
say that it was at rest.   At this time the plaintiff saw the conductor.
They were looking one at the other.   The conductor had his hand
on the bell rope.   The paintiff put one foot upon the lower step,
caught hold of the rail or rod of the car with one hand and the rail of
the dashboard with the other, when suddenly the car gave a tre-
mendous jerk, shot forward, and the plaintiff fell to the ground, and
was injured.   I may note that the plaintiff is corroborated in some
respects by the testimony of two disinterested witnesses.   If this
version was credited, then the jury might properly have found upon
the evidence that the plaintiff was justified in the belief that the car
had been arrested or stopped that he might enter it.   Or if the jury
believed that at the time in question the car was almost at rest, or at
absolute rest, though not in response to the signal of the plaintiff,
then the jury might properly have found upon the testimony of the
plaintiff that he was warranted under the circumstances in attempt-
ing to enter the car.   It was for the jury to say whether the appear-
ance of things justified the plaintiff to act as he did act.   Certainly
it was not negligence per se for the plaintiff to attempt to board the
car, even though it was moving in the manner indicated by the plain-
tiff, and not at rest as testified to by his witnesses.   Armstrong v.
Railway Co., 36 App. Div. 525, 55 N. Y. Supp. 498, affirmed in 165
N. Y. 641, 59 N. E. 1118, relied upon by the learned counsel for the
appellant, may be discriminated.   Armstrong was a passenger on a
moving car, who sought to alight, and, while there was testimony
tending to show that he signaled to the conductor, there was abso-
lutely no evidence that the conductor communicated with the grip-
man indicating that the plaintiff wished to alight, or that the gripman
had slowed up for that purpose, and so we held that the plaintiff was
not justified in assuming that a reduction of speed was made in obedi-
ence to his signal to the conductor.

The order should be reversed, and judgment be directed to be
entered upon the verdict of the jury.

Order reversed, with costs, and judgment directed upon the verdict.   All
concur.