### HARRIS v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

STREET RAILWAY — PASSENGERS — PERSONAL INJURIES — DISMISSAL OF COMPLAINT.

In an action by a passenger against a street railway company for injuries received while alighting from a car, due to its starting forward suddenly, plaintiff testified that he signaled the conductor to stop, and that the car slowed up, and was practically at a stop; that he did not hear the bell ring; that the car was rattling; that he saw the conductor's hand go up as though to ring. *Held* error to dismiss the complaint.

Appeal from trial term, Kings county.

Action by David L. Harris against the Union Railway Company of New York City. Judgment dismissing complaint, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Hugo Hirsh, for appellant.

Theodore H. Lord (Charles F. Brown, on the brief), for respondent.

GOODRICH, P. J. The complaint alleges that the plaintiff, while a passenger on one of the defendant's cars, signaled the conductor to stop in order to alight; "that in obedience thereto the conductor gave the usual signal to stop said car; that the car began to slow down, as if to come to a full stop; that thereupon the plaintiff, at the moment when the car had slowed down so far as to be barely in motion, and having been led to expect from the actions of the conductor as aforesaid that said car would come to a full stop, started to alight; but that while plaintiff was in the act of alighting, and before he had fully alighted, said car started forward with such great rapidity and suddenness that he was violently thrown to the ground." The plaintiff testified:

"I started to get off, and motioned to the conductor. I started to get up in my seat. Got up in my seat and motioned to the conductor. The conductor was on the rear platform. The conductor raised his hand to the bell rope. Q. Was there any result upon the car from that motion to the bell rope? A. Yes, sir; I turned and waited then on the step until the car came practically to a full stop. Q. And then what did you do? A. Then I started to get off, and then I have— Q. What happened to you? A. The car gave a jerk, and I was thrown to the ground. * * * Q. Now, you state that you saw the conductor's hand go up. Do you know whether it went up towards the rope? A. Yes, sir. * * * Q. Is that correct,—that the car was beginning to slow down when this accident happened? A. No, sir. Q. It wasn't? A. No, sir. Q. Had the car begun to slow down? A. Yes, sir. Q. You know it wasn't at a stop, don't you? A. I didn't know where it stopped there, sir. Q. No; but you know it wasn't at a full stop? A. No; but it was very close to it, sir. Q. How close to it? A. Well, sir, I thought I could step off as I always did. Q. Then you realized that the car was moving as you attempted to get off? A. No, sir; it was so close— Q. You thought you were going so close you could step off? A. Yes; by the time I stepped off it would be to a full stop then. Q. So then the car was moving? A. It may be very slightly, but practically to a full stop. Q. Was it moving? A. I wouldn't want to say that. Q. You don't know whether it was moving or at a full stop? A. It was practically at a full stop, because I waited— Q. That is what you told us before—practically at a full stop. Now I ask you whether the car was moving? A. Because I waited until it came, I suppose, to a stop. Q. What? A. I stood on the step. * * * Q. Now, was the car moving? A. Practically, no. That is as much as I can say. Q. 'Practically, no.' That is your answer? A. Yes, sir. Q. By that you mean the car was at a stop? A. Almost at a stop; yes, sir. * * * Q. You didn't see what the conductor was doing? A. Immediately after he signaled, I faced front. Q. You stood still until after he signaled? A. I looked around to him, and saw him put his hand up, and then looked immediately and started to go on the step. Q. Did you hear any bell ringing? A. No, sir; the car was rattling. I didn't hear any bell that day. I waited on the step, and I saw him raise his hand, and then I waited on the step. All I saw was the conductor raise his hand, as I said, and then as he raised his hand I turned and looked forward again, and then I walked to the side step, and stepped down on the side step. The car was moving all this time. I got both my feet on this side step."

At the close of the plaintiff's evidence the complaint was dismissed, and the plaintiff appeals.

We cannot say on this evidence, as matter of law, either that the plaintiff was guilty of contributory negligence, or that the defendant was not guilty of negligence. It is well settled that it is not negligence per se to alight from a slowly moving car. The evidence required a submission of the question of fact to the jury.

The defendant relied upon Armstrong v. Railway Co., 36 App. Div. 525, 55 N. Y. Supp. 498, affirmed without opinion in 165 N. Y. 641, 59 N. E. 1118. In the opinion, by Mr. Justice Woodward, it was said:

"There is in this no evidence that the conductor conveyed any signal to the gripman in response to the signal of the plaintiff, or that the gripman had any notice of his desire to quit the car. It is not doubted that if the jury could find from the evidence that the conductor did communicate the signal to the gripman, and that the gripman in response to that signal slackened the speed of the car for the purpose of allowing the plaintiff to alight, it would be proper for the plaintiff to prepare to get off the car, and it would be negligence for the gripman to suddenly, without warning, increase the speed of the car before the plaintiff had reasonable time to alight. The difficulty is that the evidence falls short of these facts. It simply goes to the extent of proving that the plaintiff signaled the conductor. Beyond this there is no testimony."

This clearly distinguishes the Armstrong Case from the one at bar.

Similar doctrine was announced in Sexton v. Railway Co., 40 App. Div. 26, 57 N. Y. Supp. 577; Weingarten v. Same, 62 App. Div. 364, 70 N. Y. Supp. 1113; and Morrison v. Railroad Co., 130 N. Y. 166, 29 N. E. 105.

We think it was error to dismiss the complaint, and that the judgment should be reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.