### BACHMANN v. UNION RY. CO. OF NEW YORK CITY.

#### (Supreme Court, Appellate Term. July 7, 1908.)

CARRIERS—INJURY TO PASSENGER—STREET CARS—CONTRIBUTORY NEGLIGENCE.

As a street car approached the corner of a street, plaintiff signaled the conductor that he desired to alight. The conductor nodded his head, and plaintiff went onto the platform and then stood on the step, waiting for the car to reach the corner. He had one foot on the step and the other in the air, his hand on the rail, while the car was still between blocks, and as it suddenly accelerated its speed plaintiff was thrown off. There was no evidence that the conductor had signaled the motorman to stop at the corner, nor that the car prior to the accident had slowed down to enable plaintiff to alight. *Held*, that plaintiff voluntarily placed himself in a position of danger and was chargeable with contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1371, 1375–1380.]

Seabury, J., dissenting.

Appeal from City Court of New York.

Action by Emil Bachmann against the Union Railway Company of New York City· From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James L. Quackenbush (Bayard H. Ames and Walter Henry Wood, of counsel), for appellant.

August P. Wagener, for respondent.

GILDERSLEEVE, P. J. The plaintiff was a passenger on defendant's closed car. As the car was approaching the corner of Brook avenue and 138th street, he signaled to the conductor that he wished to alight at the said corner. The conductor nodded his head, and plaintiff went onto the platform and then stood on the step, waiting for the car to reach said corner. He had one foot on the step and was swinging his other foot in the air, while his hand was on the rail on the body of the car. The car was then going very slowly. Before it had reached the corner the car suddenly accelerated its speed, and plaintiff was thrown off and injured. The jury gave him a verdict for $650. Defendant appeals.

While there is evidence that plaintiff signaled to the conductor, there is no proof whatever that the conductor communicated the signal to the motorman, or that the latter slowed up his car for the purpose of allowing plaintiff to alight. The mere fact that the car was going slow is not necessarily an indication that the motorman knew of plaintiff's wish to get off the car, as it will be remembered that the accident occurred while the car was between blocks, and not at the corner where

plaintiff desired to alight. The slowing down of the car may well have been to avoid collision with some vehicle or pedestrian, in accordance with defendant's duty to exercise proper care in the running of its cars, and of itself cannot be taken as a notice to plaintiff of an intention to stop the car in order to allow plaintiff to alight; nor is there any indication that the acceleration of speed was in response to any signal of the conductor, or with knowledge on the part of the motorman of plaintiff's wish to alight. It is quite reasonable to suppose that, if plaintiff had waited in a safe position until the car had reached the corner, the car would have been stopped by the motorman, in response to a timely signal from the conductor, and plaintiff would have alighted without accident. Instead of doing this, he anticipated the stopping of the car before the proper time, and voluntarily placed himself in a position of danger, thereby contributing to the injury. See Armstrong v. Met. St. Ry. Co., 36 App. Div. 525, 55 N. Y. Supp. 498, affirmed 165 N. Y. 641, 59 N. E. 118.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs.

SEABURY, J. (dissenting). In my opinion this judgment should be affirmed. The testimony of the plaintiff being uncontradicted, and the jury having found a verdict in his favor, we must assume that his testimony is true. He testified, not only that he signaled the conductor, but that after he did so the conductor—

"nodded to me his head, and after he did that I walked toward the rear door. * * * As I walked toward the rear door, and after I gave this signal as I have described, the car commenced to slow down the speed, and I stepped out to the platform."

As the car was reducing its speed, and as it approached a street crossing, the plaintiff stepped upon the lower step, holding the hand rail with his left hand. The plaintiff testified:

"At that moment the car was about 12 feet away from the corner of Brook avenue. It just commenced to creep along, when the car went all of a sudden, * * * and started full speed ahead, and then it threw me down."

If this testimony is true, as we must assume, there can be no doubt that the defendant was guilty of negligence. I think that, in view of the fact that the plaintiff had signaled the conductor, and that as the plaintiff was walking toward the rear the conductor nodded his head. to him, and that the speed of the car was then reduced to a very low rate, and that the car was then approaching a street crossing, the question of contributory negligence was for the jury. The defendant called no witnesses, and the verdict of the jury should not be disturbed.

The facts of this case distinguish it from the case of Armstrong v. Metropolitan St. Ry. Co., 36 App. Div. 525, 55 N. Y. Supp. 498, upon which the appellant relies. An examination of the facts of the Armstrong Case shows that in that case the conductor was signaled to stop in the middle of the block. The syllabus of the case as reported is inaccurate, as it refers to the car as "approaching a street corner." Of course, the car was approaching a street crossing as soon as it left the

last street crossing; but the testimony in that case shows that the plaintiff "signaled the conductor to stop right in front of the entrance to the Astor House, which is about the middle of the block."

. The judgment should be affirmed, with costs.