JAMES WOLSTENHOLME et al., Appellants, v. THE WOLSTEN-HOLME FILE MANUFACTURING COMPANY, Respondent.

In an action to recover damages for breach of contract, where plaintiff has recovered judgment allowing one item of damage claimed and rejecting another, he cannot retain the amount allowed and ask upon appeal for a re-trial as to the item rejected; if a reversal and new trial is granted, it must be of the entire judgment and claim.

(Argued February 11, 1876; decided February 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 4 Hun, 427.)

This action was brought to recover damages for an alleged breach of contract made by defendant with plaintiffs, by which defendant agreed to pay plaintiff (James Wolstenholme) a certain salary and certain dividends of stock as compensation for his services as superintendent of defendant.

The referee found that plaintiffs, with the exception of Thomas J. Sizer, were entitled to recover the salary, but not

the dividends, and that defendant was entitled to judgment as against plaintiff Sizer.

Both parties appealed to the General Term and to this court. The plaintiffs appealed to this court from the judgment of affirmance in so far as it affirms that part of the judgment below, which adjudged that plaintiffs were not entitled to dividends, and from so much thereof as was in favor of defendant against plaintiff Sizer.

*Benj. H. Austin* for the appellants. It was proper to affirm the judgment as to the salary and Wolstenholme's discharge, and reverse the holding as to the accounting. (Code, § 330; 1 Barb. Ch. Prac., 65, 397, 465; *Bagley* v. *Smith*, 10 N. Y., 489; *Story* v. *N. Y. C. and H. R. R. R. Co.*, 6 id., 85 89; *Prest., etc., D. and H. C. Co.* v. *Penn. Coal Co.*, 50 id., 250; *Struthers* v. *Pierce*, 51 id., 357, 365; *Van Bokkelin* v. *Ingersoll*, 5 Wend., 341; *Flower* v. *Allen*, 5 Cow., 663; *Shaw* v. *Davis*, 55 Barb., 389, 401, 402; *Ward* v. *Lee*, 50 id., 354; *Brownell* v. *Winnie*, 29 N. Y., 400–411; *Chouteau* v. *Suydam*, 21 id., 179–185; 2 id., 500–505; *Mapes* v. *Coffin*, 5 Paige, 296; *Cuyler* v. *Moreland*, 6 id., 273–275; *Horn* v. *Van Schaick*, 7 id., 221; *Clowes* v. *Dickinson*, 8 Cow., 328; *Staats* v. *H. R. R. R. Co.*, 23 How., 463.)

*E. C. Sprague* for the respondent. If a new trial is granted the judgment must be reversed and a new trial granted *in toto*. (*Maffat* v. *Sackett*, 18 N. Y., 522; *Story* v. *N. Y. C. and H. R. R. R. Co.*, 2 Seld., 85; *Del. and Hud. C. Co.* v. *Penn. Coal Co.*, 50 N. Y., 250–255.)

MILLER, J. There is no authority for the practice, that in an action at law on an account or for damages, that an appellate court can affirm a judgment allowing one item of a claim interposed, and send it back for a new trial as to another. The error alleged as to a part, necessarily reverses the entire judgment, and the reversal and new trial must be as to the entire claim.

None of the authorities relied upon uphold the doctrine

contended for in a case like this. In equity cases appeals may be taken from part of a decree, and a reversal or variation asked in accordance with the claim of the party who seeks relief. So, also, judgments which are for too large an amount may be reduced as to a portion and affirmed as to the residue thereof, upon conditions to be stated. But there is no rule by which, in an action at law, the party who has obtained a judgment can retain the amount and ask for a re-trial as to one of the claims which he has made and which has been rejected. Such a practice would render every case embracing a number of items or claims open for a reversal in part and for a new trial as to the residue, and cannot be upheld. So far then as the appeal by the plaintiffs is concerned, it cannot be sustained without reversing the entire judgment.

No exception can be made in favor of Sizer, one of the plaintiffs, who has an interest in an undivided portion of the claim, which has been rejected; and this same result would follow a reversal of the judgment as to him as would if reversed as to the other plaintiffs. The counsel for the defendant does not ask for a reversal of the judgment from which the defendant has appealed unless the same is reversed and a new trial granted, in accordance with the plaintiffs' appeal; and, as the case stands, the judgment should be affirmed, without costs of appeal to either party.

All concur.

Judgment affirmed.