EPHRAIM B. LEVY, Respondent, *v.* JOHN SCHREYER, Appellant.

DEED — ENFORCEMENT OF RESTRICTIVE COVENANT. A restrictive covenant in a deed that the grantee will not erect or permit to be erected or carried on upon any part of the premises a tenement house, and that he will not erect any houses except private dwellings thereon, is violated by the erection of a building which was not a private residence, the interior of which was divided into three floors, each of which was finished so as to accommodate a separate family, only so far as its interior arrangement is concerned, and may be remedied by the enjoining of its use as a tenement house or of using it for any other purpose than that of a private residence or dwelling, without ordering the destruction of the entire building.

*Levy* v. *Schreyer*, 71 App. Div. 616, modified.

(Argued January 14, 1904; decided January 29, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1902, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alex. Thain* and *Burton Thompson Beach* for appellant. The court erred in directing the removal of the building. (*Amerman* v. *Deane*, 132 N. Y. 355; *Ely* v. *Supervisor of Erie*, 36 N. Y. 297; Wood on Nuisances, § 33; *Health Department* v. *Dassori*, 21 App. Div. 348; *Lawton* v. *Steele*, 119 N. Y. 226; *Babcock* v. *City of Buffalo*, 56 N. Y. 288; *Meeker* v. *Van Rensselaer*, 15 Wend. 397.) The new trial ordered was of the cause as a whole. (Code Civ. Pro. § 1200; *Robinson* v. *Hall*, 35 Hun, 214; *Hollister* v. *Simonson*, 170 N. Y. 357.)

*Irving Washburn* for respondent. The prayer for relief in the complaint was broad enough to warrant the removal of the building as directed by the judgment of Special Term. (*P. Ins. Co.* v. *C. Ins. Co.*, 14 Abb. Pr. 266; *A. D. Co.* v. *Leavitt*, 54 N. Y. 35.)

HAIGHT, J. This action was brought to restrain the defendant from " the continuance of and the erection of " a building upon Popham avenue, on lot 150 Undercliff Terrace, Morris Heights, in the twenty-fourth ward of the city of New York, and from violating certain covenants in defendant's deeds, to the effect that he will not erect or permit to be erected or carried on upon any part of said premises, a tenement house, and that he will not erect any houses except private dwellings thereon, the front walls of which shall set back at least ten feet from the line of the lot.

The case has been twice tried. Upon the first trial it was found that the front wall encroached within ten feet of the front line of the lot and the plaintiff had judgment for the relief demanded upon that issue, but that the covenant with reference to the erection and maintaining of a tenement house was not violated, and upon that issue judgment was for the defendant. Both parties appealed to the Appellate Division, and that court, upon review, reversed so much of the judgment as was appealed from by the plaintiff, holding that the house erected was a tenement house, and upon that issue ordered a new trial ; but as to the defendant's appeal the judgment was affirmed, the court sustaining the finding that there was an encroachment of the front wall upon the ten-feet limitation as to a portion of the swell front or the bay window. The new trial was confined to the issue as to whether the building was a tenement house. The trial took place after the building had been completed and was occupied, and the court found that the building erected was not a private residence or private dwelling and that the erection of the building was in violation of the covenant not to erect any tenement house or any houses except private dwellings, and ordered judgment in favor of the plaintiff, enjoining and restraining the defendant from the continuance of the erection and use of the building and that it be forthwith removed.

The building erected was twenty feet in width, front and rear, fifty-three feet deep and three stories high, with a basement, costing, exclusive of the lot, $3,900. There is nothing

in the external appearance of the building that distinguishes it from an ordinary private residence unless it may be its size and in that particular it is a matter of common knowledge that dwellings much larger than this are often occupied only by a single family. The covenants embraced in the deed are quite numerous. The evident purpose of the grantor was to restrict the use of this tract of land to that of dwellings which should cost not less than $2,300 and thus make the territory attractive for residential purposes. The outward appearance of the buildings to be erected was one of the things provided for in the covenants. No building less than two stories in height with a cellar underneath was permitted to be constructed, and if the building was only two stories in height it was required to have a peaked or mansard roof of an attractive character; but the defendant's building answers the requirements of the covenants so far as outward appearances are concerned and it does not offend in that regard. But it is contended that this building was a tenement house because of the manner in which its interior was divided up and finished, and considerable evidence was taken tending to show that each of the three floors was finished so as to accommodate a separate family; but accepting the finding of the trial court upon this issue as conclusive, it only violates the covenants in so far as the interior arrangement is concerned, and that, we think, may be remedied by the enjoining of its use as a tenement house, or of using it for any other purpose than that of a private residence or dwelling, without ordering a destruction of the entire building.

A question was raised upon the argument with reference to the power of the Appellate Division to divide the action and authorize two separate judgments by reversing the judgment in part and affirming in part. (*Nat. Board of Marine Underwriters* v. *Nat. Bank of the Republic*, 146 N. Y. 64, 67; *Altman* v. *Hofeller*, 152 N. Y. 498, 507; *Goodsell* v. *W. U. Tel. Co.*, 109 N. Y. 147; *Wolstenholme* v. *Wolstenholme File Mfg. Co.*, 64 N. Y. 272.) The defendant, however, did not appeal, within the period allowed by the statute,

from the judgment affirming the judgment against him awarded upon the issue that he encroached within the ten-feet limitation. He has, therefore, waived his right to review that question, leaving that judgment in full force and effect. (*Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542, 553; *Kelsey* v. *Western*, 2 N. Y. 502; *Robertson* v. *Bullions*, 11 N. Y. 243; *Murphy* v. *Spaulding*, 46 N. Y. 556; *Matter of Davis*, 149 N. Y. 539.)

The judgment should be modified so as to enjoin and restrain the defendant for the period named therein from using the building described in the judgment as a tenement house or for any purpose other than that of a private dwelling, and by striking from the judgment the provision requiring the building to be forthwith removed; and as so modified, affirmed, without costs of this appeal to either party.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and CULLEN, JJ., concur.

Judgment accordingly.