(45 Misc. Rep. 289.)

#### LEVY et al. v. HALCYON CASINO HOTEL CO.

#### (Supreme Court, Special Term, Queens County.   November, 1904.)

1. COVENANTS—PROPERTY SUBJECT.
    Land added to the original shore line by accretion from the ocean is bound by restrictive covenants contained in a deed of the land bounded by the ocean.

2. SAME—ENFORCEMENT.
    Where deeds to land bounded on the ocean contain restricting covenants, the grantor may enforce violations of the same which are offensive to him, though he takes no notice of certain immaterial violations of such covenant by other parties.
    [Ed. Note.—For cases in point, see, vol. 14, Cent. Dig. Covenants, § 180.]

Action by Minnie Levy and Esther Levy against the Halcyon Casino Hotel Company for an injunction. Judgment for plaintiffs.

Lenehan & Dowley (John J. Lenehan, of counsel), for plaintiffs.
Levy & Unger (Henry W. Unger, of counsel), for defendant.

SMITH, J. The property owned by the defendant is located beyond dispute within the limits of the premises described in a deed made by Joseph Cornwell and Annie C. Summerfield to John Leeper, dated June 4, 1885. In the case of Stein v. Lyon, which was tried by this court at Special Term in 1902, and the judgment therein rendered affirmed by the Appellate Division, 91 App. Div. 593, 87 N. Y. Supp. 125, the court found that the covenants and restrictions contained in the conveyances made between the parties to the deed above referred to were, when such conveyances were made, valid and enforceable covenants and restrictions. Trustees of Columbia College v. Lynch, 70 N. Y. 440, 26 Am. Rep. 615. The defendant does not seriously dispute that finding as applied to this case, but contends that since the execution of said deed there has been such a change in the character of the neighborhood so restricted as to make the enforcement of these covenants and restrictions inequitable. The defendant relies upon the case of Trustees of Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365, as authority for his contention. In that case it was held that, where there had been such a change in the character of the neighborhood as to defeat the object and purposes of the agreement, equity would not enforce it. I do not think the facts in this case bring it within the principle laid down in the case cited. The case of Rowland v. Miller, 139 N. Y. 93, 34 N. E. 765, 22 L. R. A. 182, which distinguished the Thacher Case, is a case more properly applicable to this case, because in this case the restrictions which the plaintiffs seek to enforce are of value to them. They have never violated the restrictions themselves, or consented to or authorized or encouraged their violation by others. In order to have the benefit of these restrictions, they are not obliged to sue all the violators at once. They may sue other violators, or they may take no notice of violations not especially offensive to them, without losing their right to enforce the restrictions in the case of especially offensive violations.

The contention of defendant that the restrictions do not bind the land added by accretion from the ocean is not sound. It was the intention of the parties who created these restrictions to have them apply to all that territory which extended from the railroad south to the ocean, and, considering the purpose for which these restrictions were created, it must be held that, by force of the contract between the parties who created the restrictions, those restrictions extended to the ocean wherever at any time the ocean shore might be found. In this case there is no question that the defendant was fully apprised of the existence and character of these restrictions. The policy of title insurance issued to it by a title insurance company expressly excepted these restrictions from its guaranty of

title. The defendant proceeded with its enterprise with open eyes and at its own peril. The plaintiffs invested their money and built their home on the faith of these restrictions, and certainly, as against the defendant, who is a willful violator of them, they are entitled to the protection of a court of equity.

It follows that the plaintiffs are entitled to an injunction which shall at least prevent the defendant from using its premises, and the structures erected thereon, in violation of the restrictions to which they are subject, with the costs of the action.

Judgment accordingly.