(55 Misc. Rep. 332)

### McDONALD v. SPANG.

(Supreme Court, Special Term, Erie County. June, 1907.)

1. COVENANTS—RUNNING WITH LAND—RESTRICTION ON USE.

    Where it was covenanted in a deed of land given prior to its subdivision that no dwelling house erected thereon should be nearer than 25 feet to the front street line, and a deed of a lot given subsequent to the widening of the street on which that lot abutted contained a similar covenant, a dwelling house less than 25 feet from the front street line after the widen-

ing of the street would be a violation of the covenant, though 25 feet from
the original front street line.

2. SAME.
    A veranda is a part of a dwelling house, within the meaning of a cov-
enant not to erect any dwelling house nearer than 25 feet to the front
street line, and the house, including the veranda, should be set back 25
feet therefrom.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 169.]

3. SAME.
    A two-family house is not in violation of a covenant against the erec-
tion of any building to be used or occupied "for any trade, manufacture,
etc., or in any objectionable manner whatever."

4. SAME.
    That a covenant against the erection of dwelling houses within a certain
distance of the front street line has been violated by others is without
prejudice to the right of one who would be affected by a dwelling house
erected within that distance to compel its observance.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 180.]


Action by Howard C. McDonald against Joseph C. Spang. Motion
to continue preliminary injunction. Granted.

Alfred Hurrell, for plaintiff.
Albert Spann, for defendant.


WHEELER, J. This is a motion to continue pendente lite a pre-
liminary injunction restraining the defendant from erecting a house
on his lot, located on the east side of Parkside avenue, in the city of
Buffalo, nearer than 25 feet from his front street line, in alleged vio-
lation of covenants contained in deeds from the common grantors of
the plaintiff and defendant. The plaintiff and defendant own adjoin-
ing lots, and it is conceded got title to their respective properties from
a common source. The property in question formed a part of a large
tract formerly owned by the Buffalo Cement Company, which in 1889
conveyed the tract to George L. Thorne and Byron P. Angell, sub-
ject to the following restrictions:

"The parties of the second part further agree, for themselves and their
heirs and assigns, that the said land shall be subdivided, sold, and used in
lots not less than forty (40) feet frontage on all the said streets and not ex-
ceeding two hundred fifty (250) feet in depth, and agree that no part of said
land shall be used or occupied for any trade, manufacture, saloon, or stable
for hire, or in any objectionable manner whatever, and that no nuisance shall
be maintained or allowed by themselves or their tenants or subtenants; and
for the mutual benefit of all persons now or hereafter to be interested in said
land, or parts thereof, it is agreed that the said lands shall be used for resi-
dence and dwelling purposes only, and the usual and natural uses connected
therewith, and no other; that all dwellings hereafter erected on the northerly
side of Crescent avenue shall cost not less than $2,000, on the southerly side
of Crescent avenue not less than $2,500, and on all other streets indicated on
said plan and map not less than $3,000; that each and every dwelling house
shall be erected not nearer than twenty-five (25) feet of the front street line
of the lot; and that any barn on a lot adjacent to Amherst street shall be
erected at least twenty (20) feet from Amherst street."

It appears by the affidavit read by the defendant that Thorne &
Angell subdivided the tract and conveyed out the lots in question, in-

cluding both that of the plaintiff and defendant, by deeds containing the following restrictions:

"This conveyance is made and taken with the express understanding and agreement that the above-described premises shall be used for residence or dwelling purposes only, and the usual and natural uses connected therewith, and no other, and that any and all dwellings erected thereon shall cost not less than $3,000, and shall be erected not nearer than twenty-five (25) feet to the front street line of the lot."

The plaintiff and defendant each acquired title to their respective properties by mesne conveyances from Thorne & Angell, and when the defendant took title to his lot he accepted a deed containing the same restrictions as those embodied in the deed from Thorne & Angell. It further appears that, subsequent to the conveyances by Thorne & Angell, Parkside avenue was widened from a 60-foot street to an 80-foot street by proceedings taken by the city of Buffalo, and by reason of this widening the present east line of Parkside avenue is now 7½ feet easterly of the original line of that avenue.

The defendant contends that, while his building is within less than 25 feet of the present street line as it now exists, it is 25 feet away from the original line, and therefore the restrictive covenants contained in the deeds referred to are not violated. In this contention the court does not concur. Whether we look to the deed from the cement company, or to the deed from Thorne & Angell, is not important here; for both deeds contain covenants to the effect that all dwellings shall be erected "not nearer than twenty-five (25) feet of the front street line of the lot." It was the manifest purpose and intent of these covenants to preserve and keep open a clear space between the house and the street of 25 feet, for the purpose of light, air, and general attractiveness. The important consideration was this clear and open space between the street and the dwelling, and not that the house should be a given distance from a given line. In other words, the restriction must be construed to refer to the changed line as subsequently established, so as to carry out the manifest purpose of the grantors and to secure to their grantees the benefits intended to be conferred.

This view as to the construction to be given to the clause is borne out by the fact that at the time the cement company's deed was given the tract had not been subdivided, and had no reference to any fixed line, but was intended to secure 25 feet clear between the dwelling and the street, wherever the street line might be established. The defendant, by accepting his deed from his immediate grantor, seems to have acquiesced in and assented to this construction; for in this deed he covenanted "that any and all dwellings erected thereon * * * shall be erected not nearer than twenty-five (25) feet to the front line of the lot." The defendant's deed was given to him in April, 1907, long after the widening of Parkside avenue; and if it had been intended that these restrictions should refer to the old and original line of Parkside avenue, instead of to the present line, the deed of conveyance to the defendant should have so read. Such was not the intention of the parties, or the construction to be placed on the various deeds in question. The intention of the parties is to govern. We therefore must conclude that the building now in process of erection by the de-

fendant violates the covenants prescribing the distance from the street line within which dwellings may be erected.

The building also is shown by the affidavits to contemplate the addition of a veranda in front, which would bring the dwelling still nearer the street line. Defendant's counsel contends that the veranda constitutes no part of the building, and in computing distances may be disregarded in determining whether or not the dwelling under erection is 25 feet from the street line. As this question may become important in determining the future rights of the parties, it is but right to here indicate the views of the court that a veranda is a part of the dwelling within the meaning of the covenants in question, and that the building, including the veranda, should be set back at least 25 feet from the present street line. The following cases seem to support this view: Skinner v. Allison, 54 App. Div. 47, 66 N. Y. Supp. 288; Sanborn v. Rice, 129 Mass. 396; Levy v. Schreyer, 27 App. Div. 282, 50 N. Y. Supp. 584, affirmed 177 N. Y. 293, 69 N. E. 598.

It is further contended by plaintiff's counsel that the covenant in the deed from the cement company to Thorne & Angell is violated because the defendant is engaged in the erection of a two-family or flat house; whereas, the deed in question contains a covenant against the erection of any building to be used or occupied "for any trade, manufacture, saloon, or stable for hire, or in any objectionable manner whatever." The court cannot discover how a two-family house can be fairly deemed to be legally "objectionable." Covenants of this character are to be strictly construed against the covenant, and there must be shown to be a clear and plain violation of them to justify the interposition of a court of equity to restrain. Clark v. Jammes, 87 Hun, 215, 33 N. Y. Supp. 1020. Perhaps two-family houses may not be as desirable in a residence district like this as a one-family house. Nevertheless that fact cannot make them legally "objectionable." When this word was used in the original deed, something more must be deemed to have been intended than a mere matter of sentiment, and if the continuance of the injunction depended on the mere question that the building under process of erection is to be a two-family house the plaintiff would necessarily fail. To justify an injunction because the building in process of erection is a two-family house would necessitate the court's holding that such a house is not to be used "for residence and dwelling purposes," which is expressly authorized by the deeds in question. The very statement of the case makes plain the untenableness of the plaintiff's position in this regard.

The defendant contends the covenant relating to the distance of dwellings from the street has been violated by others, and therefore he should not be held to a strict observance of them. The affidavits disclose but one violation on the entire street; but that there has been one or more violations of a special covenant will not prevent the plaintiff affected by the defendant's acts compelling him to obey the covenants. Zipp v. Barker, 40 App. Div. 6, 57 N. Y. Supp. 569; Levy v. Halcyon Hotel Co., 45 Misc. Rep. 291, 92 N. Y. Supp. 231.

As the covenants in question run with the land, and may be enforced by those benefited by them, it follows that the injunction heretofore

granted must be continued, in so far as it restrains the defendant from erecting the building described in the complaint nearer than 25 feet from the present street line. The security given should, however, be increased to the sum of $1,500.

Let an order be entered accordingly, with $10 costs of this motion.