FIOR A. PELLEGRINO, Plaintiff, *v.* MACKENZIE STREET CONSTRUCTION CORPORATION and Others, Defendants.

Supreme Court, Kings Special Term, December, 1922.

**Real property — restrictive covenant as to type of houses to be erected on plot — when injunction granted — when failure to move sooner excused.**

Plaintiff is the owner of real property directly opposite that of defendants, both properties forming a part of a large tract at Manhattan Beach which was developed and upon which could be erected only houses not less than two stories

and an attic in height, to cost at least a stated amount, each house to be built upon a plot of not less than five lots, if a corner, or upon three lots if located elsewhere. In an action to enjoin the violation of the restrictive covenant the sole question was whether bungalows erected by defendants within a hundred feet of the line of MacKenzie street were constructed upon that portion of the property upon which, by virtue of an exception contained in the general restriction, bungalows of the general type constructed by defendants might be erected. Upon consideration of the description of the area upon which bungalows may be erected, *held*, that as defendants' houses were concededly built in violation of said restriction and the failure of plaintiff to move sooner was due to the misrepresentation of defendants' representative that there was no such violation, plaintiff was entitled to judgment requiring the removal of the buildings although some time before he protested he knew that they were being constructed.

The fact that the property in the rear of defendants' may be used for the erection of bungalows did not prevent the plaintiff from enforcing the restriction against the defendants' property.

SUIT to enjoin violation of restrictive covenant.

*Louis A. Brown,* for plaintiff.

*Edward J. Maroney (Clarence F. Corner,* of counsel), for defendants.

CROPSEY, J. The uncontradicted proof establishes that defendants' bungalows are erected within 100 feet of the line of MacKenzie street. The question is whether bungalows may be built within 100 feet of that street line under the restrictive covenant. The plaintiff's property is directly across the street from that of the defendants. Both of these properties form a part of a large tract at Manhattan Beach, which was developed by a company and upon which certain restrictions were imposed. In a word, the restrictions are against the erection of business places, or boarding houses, or places for public entertainment, and only houses for residential purposes are to be erected. These must not be less than two stories and an attic in height, and must cost at least a stated amount, and each house is to be built upon a plot of not less than five lots, if on a corner, or three lots if elsewhere located. It is conceded that defendant's houses violate the general restriction. There is an exception, however, in the restrictions as to certain specified portions of the tract, upon which bungalows of the general type, constructed by defendants, may be erected. The sole question is whether defendants' bungalows are constructed upon that portion of the property. The area upon which bungalows may be constructed was described as follows: " That portion of Manhattan Beach bounded northerly and northeasterly by Shore Boulevard; easterly by a line parallel with MacKenzie street and 100 feet easterly therefrom; southerly by Oriental Boulevard, and westerly

by a line parallel with Amherst street and 100 feet westerly there-from; and also that section of the property bounded northerly by Oriental Boulevard; easterly by a line parallel with Exeter street and 104 feet easterly therefrom; southerly by the northerly line of the Esplanade running parallel with the southerly side of Oriental Boulevard and distant 810 feet southerly therefrom, and westerly by a line parallel with the westerly side of Corbin place and 144 61/100 feet westerly therefrom, excepting lot Nos. 1 to 9, inclusive, and 88 to 98, inclusive, of block No. 36." Defendants' lots are on the easterly side of MacKenzie street, and plaintiff contends that the easterly boundary of the above-described area is 100 feet east of the line of that street. If that be so, concededly, the defendants have violated the restriction. Defendants contend that the 100 feet should be measured from the center of MacKenzie street, and not from the easterly side. If that be the meaning of the language used the houses do not violate the restriction. I cannot see any basis for upholding defendants' contention. There is nothing to indicate that the center line of the street was to be the place from which the measurement should be made. I think that the description making the easterly boundary of the less restricted area 100 feet easterly from MacKenzie street means from the easterly side of MacKenzie street. On the map the lots, save a few, are of a uniform depth of 100 feet. I believe it was plainly the intention that a lot 100 feet deep on the easterly side of Mac-Kenzie street should be subject to the general restrictions and that bungalows were not to be permitted thereon. The fact that in describing another portion of the area, upon which bungalows may be built, one of the boundaries is to be measured from the westerly side of Corbin place seems to be no reason for giving a foolish construction to what otherwise would be the plain and necessary meaning of the description in question. Defendants contend, however, that, although the covenant has been broken, plaintiff should not have equitable relief. The basis of this claim is that the plaintiff made no protest regarding the defendants' buildings until they were practically completed. It has been held that one who has violated a covenant may not enforce it against another violator. *Moore* v. *Murphy*, 89 Hun, 175. But this plain-tiff has not violated the covenant in any way, as his property is unimproved. Nor does the fact that the property in the rear of defendants may be used for the erection of bungalows prevent the plaintiff from enforcing the restriction against the defendants' property. *Goodhue* v. *Cameron*, 142 App. Div. 470, see pre-vailing opinion of Ingraham, J., p. 485. It may also be accepted as the law that one who lies by and suffers another to make large

expenditures cannot later have injunctive relief. Joyce Inj. § 488; *Thompson* v. *Diller*, 161 App. Div. 98, 105. Here the plaintiff knew that defendants' buildings were being constructed some time before he protested, but when he first learned of their construction he was assured by the defendants' representative that they did not violate the restriction. The survey shows that the buildings are located at a distance of from 60 to 75 feet back from the street, and it may well be that plaintiff did not know that they were within 100 feet, as he did not then have the survey, and he had a right to rely upon the statement of defendants' representative that the buildings did not violate the restriction. The fact that the buildings have been completed is no reason for denying injunctive relief. As they were built in violation of the restriction, and as the failure of the plaintiff to move sooner was due to the misrepresentation of the defendants' representative, plaintiff is now entitled to judgment requiring the buildings to be removed. *McKenna* v. *Levy*, 182 App. Div. 678. It is immaterial whether other people have violated the restrictions in question. *Zipp* v. *Barker*, 40 App. Div. 1; *Rowland* v. *Miller*, 139 N. Y. 93; *Lattimer* v. *Livermore*, 72 id. 174; *Levy* v. *Halcyon Casino Hotel Co.*, 45 Misc. Rep. 289; *McDonald* v. *Spang*, 55 id. 332, 336. See, also, cases in note, 28 L. R. A. (N. S.) 710–714. Judgment for the plaintiff, with costs. The findings and judgment should be settled on notice.

Judgment accordingly.