Tʜᴇ McCᴀɪɴ Rᴇᴀʟᴛʏ Cᴏᴍᴘᴀɴʏ, Iɴᴄ., Plaintiff, *v.* Gᴇᴏʀɢᴇ R. Aʏʟᴇsᴡᴏʀᴛʜ and Others, Defendants.

Supreme Court, Onondaga County, December 28, 1926.

Deeds — restrictive covenant — action to perpetually restrain defendants from violating covenant in deed restricting erection of dwellings in residential tract " not less than twenty-five (25) feet back " from street line — integral part of defendants' house projects seven and three-tenths feet over building line — fact that others have violated restrictions in deed does not estop plaintiff from enforcing restrictions against defendants now — extension of house beyond building line is violation of covenant in deed and plaintiff is entitled to injunctive relief — dormer above first story projects over building line to extent of three and one-half feet — evidence insufficient to warrant finding that its location violates restriction in deed — defendants allowed one year within which to make alterations.

Plaintiff, which conveyed to defendants' predecessor in title a parcel in a tract set apart for residential purposes by warranty deed, containing a covenant reciting that any dwelling " which may at any time be erected upon said premises shall be placed not less than twenty-five (25) feet back from the line of the street on which said dwelling faces " in accordance with the building line as indicated on the map of the tract filed in the county clerk's office, is entitled to an injunction perpetually enjoining and restraining said defendants from continuing any portion of their residence which projects within said twenty-five-foot setback area and from using said setback area for any purpose in violation of the aforesaid covenant, where it appears that, with knowledge of the restrictive covenant, said defendants erected their house so that an integral part thereof projected over and beyond the building line of the street to an extent of seven and three-tenths feet.

The fact that others have violated similar restrictions does not estop plaintiff from enforcing said restrictions against the defendants now, in the absence of evidence that the defendants built their house upon the lot in the belief that plaintiff had abandoned or intended to abandon the right to enforce the restrictions in question; nor is plaintiff guilty of laches in failing to enforce said restrictions heretofore.

However, there is no evidence sufficient upon which to find that a dormer, which projects from the roof and over the porch of the house to an extent of three and one-half feet beyond the building line of the street, is such a violation of the restriction in the deed as to justify injunctive relief, particularly where if the house is set back to the twenty-five-foot building line or other changes made in the house so that there will be no violation of the restriction, the situation as to the dormer will be cared for.

The defendants are allowed one year within which to make the necessary changes and alterations in their house.

Aᴄᴛɪᴏɴ for enforcement of restrictive covenants.

*Williams & Cowie* [*George W. Lee* and *John Moran* of counsel], for the plaintiff.

*Wilson & Hennessy* [*Frank M. Hennessy* of counsel], for the defendants, George R. Aylesworth and others.

Michael J. Larkin, J.   A person owning a tract of land and selling a portion thereof may for the benefit of his remaining land and also for the benefit of his grantees impose any restrictions, not against public policy, he sees fit upon the land granted and a court of equity will as a general rule enforce them. (*Rowland* v. *Miller,* 139 N. Y. 93, 102; *Korn* v. *Campbell,* 192 id. 490, 495; *Booth* v. *Knipe,* 225 id. 390, 396; *Moore* v. *Henderson,* 99 Misc. 344, 351; affd., 181 App. Div. 942; *Bouvier* v. *Segardi,* 112 Misc. 689.)

The covenant is enforcible by the grantor or his assigns in favor of the property benefited and against the property burdened, as well as for the benefit of the land retained. (*Moore* v. *Henderson, supra; Bouvier* v. *Segardi, supra.*)

Restrictive covenants run with the land and bind subsequent purchasers. (*Booth* v. *Knipe, supra; Bouvier* v. *Segardi, supra.*)

In the year 1920 plaintiff, which is an Ohio corporation, acquired title to and became the owner in fee of a tract of land in the town of DeWitt, Onondaga county, N. Y., and thereafter in the same year caused the same to be subdivided into blocks and lots, with adjacent streets, and designated on a map thereof as " Arlington " in the village of Eastwood, Onondaga county. The map, which was duly filed in the Onondaga county clerk's office on August 16, 1920, shows the names of the various streets, the numbers and dimensions of the various lots and the location of the various building lines.

On August 28, 1924, plaintiff conveyed to one Elizabeth Alger lot 142 of said Arlington tract, described as follows: " All that tract or parcel of land, situate in the Village of Eastwood, County of Onondaga and State of New York, designated as Lot Number One Hundred Forty-two (142) in Arlington, according to a map made by George E. Higgins, C. E., dated August 2, 1920, and filed in the Onondaga County Clerk's office August 16, 1920." According to the map lot 142 has a frontage on the southerly side of Northcliff road of fifty feet and a depth of one hundred and twenty feet, and shows the building line to be twenty-five feet back from the street line. The deed in question contained the following:

" To have and to hold the above granted premises, unto the said Grantee, her heirs and assigns forever, subject to the restrictions herein expressed and imposed on said Grantee, her heirs and assigns.

" This conveyance is made and accepted subject to the following restrictions and covenants running with the land, until January 1, 1950, to-wit:

" *First.* That said premises shall be used only for residence purposes and only one (1) single one (1) family house and only one (1)

necessary garage shall be erected upon any one (1) building lot in Arlington as laid out on the above mentioned map. Said dwelling must cost at least Six Thousand Dollars ($6000.00).

" *Second.* That any dwelling which may at any time be erected upon said premises shall be placed not less than twenty-five (25) feet back from the line of the street on which said dwelling faces in accordance with the building line as indicated on the map of Arlington as filed in the County Clerk's Office, nor less than ten (10) feet back from the side street line of any corner lot, nor less than three (3) feet back from either side line of said premises but that steps, windows, porches and other usual projections may extend beyond said line. That each garage shall be built at or near the rear of the lot and in no case erected within twenty-five (25) feet from any street line.

" A breach of said conditions or any of them shall entitle the Grantor or any of its grantees on said tract to an action to restrain or for damages.   *   *   *."

Elizabeth Alger thereafter conveyed said lot 142 to the defendants George E. Morris and Bessie E. Morris, his wife, by warranty deed dated April 21, 1925, and who in turn conveyed said lot to the defendants George R. Aylesworth and Luella S. Aylesworth, by warranty deed dated December 5, 1925, and who thereupon became and still are the owners and in possession thereof.

· The two last-mentioned deeds contained the same description of lot 142 as in the deed from plaintiff to said Elizabeth Alger, and each of said deeds also contained the following: " This conveyance is made and accepted subject to the restrictions running with the land as set forth in deed from The McCain Realty Company to Mrs. Elizabeth Alger, dated August 28, 1924, and recorded in the Onondaga County Clerk's Office September 9, 1924, in Book 543 of Deeds, at page 54."

The defendants Morris, after their purchase of the lot and before their conveyance to the defendants Aylesworth, and with knowledge of the restrictive covenants, erected a two-story frame house thereon, which fronts or faces to the north on Northcliff road.

The building line established on said Northcliff road in the block in question, as well as in practically all of the other blocks shown on said map, is twenty-five feet back from the street line. A part of the house built by the defendants Morris, approximately ten feet in width from west to east, projects over the said twenty-five-foot building line and extends in a northerly direction toward Northcliff road a distance of seven and three-tenths feet over and beyond said building line. That part of the said house so projecting over said building line is an integral part of the said house,

has foundation or cellar walls of concrete blocks, is built of wood and glass, is plastered and has oak floors therein. It is called or known as a sun parlor and French doors lead from it to that part of the house which lies south and back of the building line; it is under the main roof of the house, rests upon the main wall and there is a cellar underneath it, and it is finished inside like the other rooms of the house. The house also has a dormer above the first story extending from the north roof and projecting over and beyond the twenty-five-foot building line to the north and towards Northcliff road, to the extent and distance of three and one-half feet.

The plaintiff seeks in this action to perpetually enjoin and restrain the defendants Aylesworth from continuing any building or structure, or any part thereof, within the said twenty-five-foot or set-back area and from using said set-back area for any purpose in violation of the restrictions.

The defendants do not contend that "Arlington " is not restricted but contend that the equitable power of the court should not be used in granting an injunction in this case because it would be inequitable and unjust; that a great hardship would be done the defendants; that plaintiff is estopped; that there are other violations of similar restrictions in Arlington, which were permitted by plaintiff, and finally that the sun parlor and dormer projections, so called, do not violate the restrictive covenants. With these contentions the court does not agree. The defendants Morris took their chances when they built the house. The court is unable to find any sufficient evidence of conduct on the part of the plaintiff amounting to laches or an estoppel, or waiver of such right to enforce the restriction. (*Bouvier* v. *Segardi,* 112 Misc. 689, 708, and authorities cited.) It is immaterial that others have violated similar restrictions and that other actions have not been brought to enjoin and restrain such violations. (*Adams* v. *Howell,* 58 Misc. 435, 440; *Zipp* v. *Barker,* 40 App. Div. 1, 6; affd., 166 N. Y. 621; *McDonald* v. *Spang,* 55 Misc. 332, 336; *Rowland* v. *Miller,* 139 N. Y. 93, 103, 104; *Pellegrino* v. *MacKenzie Street C. Corp.,* 120 Misc. 89, 92; affd., 206 App. Div. 709.)

No evidence has been advanced to show that the defendants Morris in erecting the house upon the lot in question acted upon the belief that plaintiff had abandoned or intended to abandon the right to enforce the restrictions in question. (*DuBois* v. *Darling,* 44 N. Y. Super. Ct. [12 J. & S.] 436, 444, and cases there cited.)

The court is of the opinion that the so-called sun parlor extension, which is a permanent and integral part of the dwelling house and extends beyond the building line and onto the set-back area, is a

violation of the restrictive covenant contained in the deeds hereinbefore mentioned and plaintiff is entitled to injunctive relief.

In *Levy* v. *Schreyer* (19 Misc. 227; affd., on this point, 27 App. Div. 282, and 177 N. Y. 293) a bay window extended from the ground to the roof and the wall of the house followed the outline of the bay window. It was held that a building line restriction that the front wall shall set back at least ten feet from the line of the lot was violated by the erection of a house, the front wall of which from the foundation to the roof extends outward at a certain point from a bay window, the outer face of which extension was four feet two inches in length and eight feet eight inches from the front line of the lot, while the remainder of the front wall was twelve feet eight inches from such line.

In *DuBois* v. *Darling* (44 N. Y. Super. Ct. [12 J. & S.] 436) the defendants were obligated by covenants in their deed not to erect any building upon the lots conveyed to them within six feet of the south side of Thirtieth street. In violation of this obligation they commenced the erection of a structure five stories in height, with bay windows and a porch rising from their foundation on the ground the entire height of the edifice, occupying the greater part of the land reserved on the south side of Thirtieth street. The porch was sixteen feet and eight inches in width, extending to the line of Thirtieth street, and the bay windows approaching it within a few inches. It was held that there was a breach of the covenant, and a mandatory injunction requiring the defendants to remove such portions of the porch and bay windows as they built upon the six-foot line was proper.

In *Sanborn* v. *Rice* (129 Mass. 387) it was held that a bay window which did not, as here, rest upon a foundation wall, but extended out from the building at a distance of four feet above the ground, violated a covenant not to build within a space reserved, and that such bay window carried the front line of the house three feet three inches nearer to the street than the deed permitted.

In the case at bar the sun parlor, so called, is not a " step, window, porch or other usual projection," which by the deeds are excepted from the restrictive covenant.

As to the dormer, which projects from the roof and over part of the sun parlor and so-called porch, there is no sufficient evidence in the record upon which a finding may be based that the dormer is such a violation of the restrictions as would justify injunctive relief. As to whether the dormer comes within the exception of " steps, windows, porches and other usual projections " which " may extend beyond said line," the court expresses no opinion, and in view of the holding as to the sun parlor deems it unnecessary

to decide.    It appears that the dormer is in part at least immediately over the sun parlor and if the house is set back to the twenty-five-foot line or other changes made in the house so that there will be no violation of the restrictive covenants, the dormer situation can be taken care of.

The court also feels that the defendants Aylesworth should have a reasonable time in which to make such changes or alterations in their house as they may be advised and for such purpose fixes the period of one year from and after the service upon them of a certified copy of the judgment to be entered herein in which to comply therewith.

In view of the fact that "Arlington" is a restricted tract, so called, and that the restrictive covenants were and are for the benefit of other lot owners as well as plaintiff, and that there are a large number of vacant lots held by individuals and also a large number undisposed of by plaintiff, the court is of the opinion that equity should protect the use and enjoyment of the lots as intended under the restrictive covenants.

Judgment accordingly, with costs to plaintiff.