Robert Doscher, J.
Plaintiff brings this action to enforce restrictive covenants and to restrain and enjoin defendant from maintaining Ms premises in alleged violation of the covenants.
, Defendant’s premises, a bMlding constructed for use as a one-family dwelling, is located in that part of the city of New Rochelle known as Rochelle Heights. This park area, developed in accordance with uniform covenants and restrictions attached to and running with the land, has heretofore been held to be strictly residential with one-family dwellings therein. Other uses have been enjoined (Todd v. North Ave. Holding Corp., 121 Misc. 301, affd. 208 App. Div. 854; Kiernan v. Snowden, 123 N. Y. S. 2d 895). Since the latter case, decided in 1953 by my colleague, Mr. Justice Eager, there has been no material change in the area covered by the restrictive covenants.
The defendant acquired the premises in suit in August, 1955, and entered into possession in September of that year. He occupied and is still occupying, the dwelling as a home for himself and his immediate family. However, there have been, and still are, others living in the premises.
It may be that the taking into a one-family dwelling of a roomer or two, when strictly incidental to the maintenance of a family relationship would not violate a covenant restricting the use of a building to a one-family dwelling (Gallon v. Hussar, 172 App. Div. 393). In the case at bar, the letting of rooms to outsiders goes beyond a mere incidental maintenance of a one-family residence. This defendant has been, and still is, operating a rooming house. Under such circumstances, he was in violation of the covenant. The fact that some of the roomers may have been remotely related to defendant does not change the result (Kiernan v. Snowden, 123 N. Y. 8. 2d 895, supra).
Defendants urge that (1) the plaintiff himself violates a restrictive covenant and (2) the plaintiff lives too far from *289 the scene of defendant’s violation to be entitled to a restraining order.
A reading of the restrictive covenants clearly shows that there is a prohibition against putting the foundation walls closer than 50 feet from the lot line. While it is true that plaintiff’s porch, which is a part of the dwelling (McDonald v. Spang, 55 Misc. 332), is closer than 50 feet from the line, there is no showing that such porch is borne by the foundation walls. As long as the foundation walls are 50, or more, feet from the line, no violation exists.
Plaintiff lives about one-half mile from defendant on a different street. Both live within the development, laid out with a single scheme in mind. The interests of all living within the park development are more closely bound than would be two property owners in a nonpark area 500 feet apart.
Under all the circumstances in this case, it is equitable and just that judgment be granted plaintiff.
Settle judgment on notice.