VERNON et al. v. J. W. O'BANNON CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

ACTION ON CONTRACT—COUNTERCLAIM—VARIANCE—SUBMISSION TO JURY.

In an action on separate contracts by plaintiff to furnish and by defendant to pay for certain steam power and live steam defendant set up a counterclaim based on plaintiff's alleged breach of contract to furnish the live steam, but the proof only showed a failure to furnish sufficient steam power. *Held*, that the court properly refused to submit the counterclaim to the jury.

Appeal from special term, Kings county.

Action by Frederick R. Vernon and another against the J. W. O'Bannon Company. From orders setting aside a verdict in favor of plaintiff and granting a new trial as to one cause of action, and dismissing defendant's counterclaim and denying its motion to set aside a verdict for plaintiff as to another cause of action, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

J. Campbell Thompson (William P. Maloney, on the brief), for appellant.

Frederick Seymour, for respondents.

WILLARD BARTLETT, J. The complaint sets forth two causes of action to recover sums of money claimed to be due: (1) Upon a contract to furnish the defendant corporation with steam power; and (2) the other upon a contract to furnish the defendant corporation with live steam. In the answer the defendant denied the allegations of the complaint to the effect that the plaintiffs had performed these contracts on their part, and pleaded an agreement to arbitrate, payment, and the statute of frauds. It also set up a counterclaim, alleging that the plaintiffs had violated a supplemental agreement to furnish to the defendant a regular supply of live steam at a pressure and in quantity suitable for the defendant's business. The plaintiffs claim $4,000 damages on account of the defendant's breach of the contract to pay for the steam power, which was the subject of the first cause of action, and $50 for its breach of the contract to pay for live steam. After the defendant rested, the learned trial judge dismissed the counterclaim, and submitted the case to the jury upon the question whether the plaintiffs were entitled to recover on both causes of action set forth in the complaint. The jury found in favor of the plaintiffs, awarding the full sum claimed ($50) on account of the second cause of action, but only $1 damages on account of the first cause of action. The trial judge set aside the verdict so far as the first cause of action was concerned on the ground that the damages awarded by the jury were inadequate, but allowed the verdict to stand as to the second cause of action. The defendant has now appealed from the order granting a new trial in respect to the first cause of action, and from the order refusing to grant a new trial as to the second cause of action. It has also appealed from the formal order, which is included in the record, dismissing its counterclaim. It is doubtful whether any appeal lies

75 N.Y.S.—47

from an order of this kind made in the course of the trial, but the propriety of the court's action in dismissing the counterclaim is raised by an exception to the dismissal, which appears in the record. As to the verdict of $1 upon the first cause of action, it is sufficient to say that upon the evidence the plaintiffs were clearly entitled to recover more than nominal damages if they were entitled to recover anything at all. As to the verdict of $50 in favor of the plaintiffs on the second cause of action, the evidence abundantly suffices to sustain the award of the jury. It seems to me that the trial court did not err in refusing to submit to the jury any question in regard to the counterclaim. It was based upon the proposition that the parties had entered into a supplemental contract regarding, not steam power, but live steam; while the testimony offered in support of the counterclaim referred only to an alleged failure on the part of the plaintiffs to furnish adequate steam power. As was said by the court in the course of the trial: "Two clearly defined questions were presented: First, was there a breach of the engagement on the part of the plaintiffs to furnish forty horse power? And, secondly, did the plaintiffs furnish live steam during the month for which they claim to recover $50?" Inasmuch as there was no proof in support of the counterclaim tending to show any failure on the part of the plaintiffs to perform the alleged supplemental contract in respect to live steam, the counterclaim was properly dismissed. I have examined all of the exceptions to which attention is called in the brief for the appellant, and I find no ruling which could have operated to the detriment of the defendant. The orders appealed from should be affirmed.

Orders affirmed, with costs. All concur, except JENKS, J., taking no part.