(86 App. Div. 374.)

### VERNON et al. v. J. W. O'BANNON CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. APPEAL—AFFIRMANCE—FURTHER PROCEEDINGS—SCOPE.

     A complaint contained two separate causes of action, and the answer pleaded a counterclaim to both causes, arising out of the alleged breach of the contract which was the basis of plaintiff's second cause of action. On the trial, orders were entered setting aside the verdict for plaintiff on the first cause of action as inadequate, denying defendant's motion to set aside the verdict for plaintiff on the second cause of action, and dismissing the counterclaim. On appeal the orders were affirmed, but the order of affirmation contained no provision for a new trial. *Held* that, on remand of the cause, the parties were entitled to a retrial of the entire cause.

2. SAME—WAIVER—RESETTLEMENT OF ORDER.

     Defendant was not debarred from such retrial by his failure to move for resettlement of the order on appeal, and obtaining a provision with respect to the scope of such new trial.

Appeal from Trial Term, Kings County.

Action by Frederick R. Vernon and another against the J. W. O'Bannon Company. From a judgment in favor of plaintiffs and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. Campbell Thompson (Anson Burlingame Cole, on the brief), for appellant.

Frederick Seymour, for respondents.

HIRSCHBERG, J. The main facts sufficiently appear in the opinion written by Mr. Justice WILLARD BARTLETT when this case was before the court on appeal from the results of the first trial. See Vernon v. O'Bannon Co., 71 App. Div. 618, 75 N. Y. Supp. 737. It is only necessary now to recall that the complaint contains two separate and distinct causes of action, while the answer sets up a counterclaim to both causes of action, arising out of the alleged breach of the contract which is the basis of the plaintiffs' second cause of action. On the first trial three orders were entered, and on appeal all three were unanimously affirmed, viz., an order setting aside the verdict of the jury in favor of the plaintiffs upon the first cause of action as inadequate, an order denying the defendant's motion to set aside the

verdict of the jury in favor of the plaintiffs upon the second cause of action, and an order dismissing the counterclaim. In the order of this court on affirmance, no provision was made for a new trial; and as the order setting aside the verdict on the first cause of action granted a new trial, in terms, as to that cause of action, the learned trial justice ruled upon the second trial that only the first cause of action was then before the court, and tried the case upon the theory that neither the second cause of action nor the counterclaim could be again litigated. I was inclined on the argument to the belief that, even if this ruling were error, it would be unavailing to the defendant, since it might have moved for a resettlement of the order of this court, and thereby have procured the insertion of a precise provision with respect to the scope of the new trial, or such a disposition of the appeal from the respective orders as would result in itself in a trial of the whole case de novo; but I am satisfied on reflection that a litigant cannot be deprived of a substantial right by mere acquiescence in the form of the order by which he is defeated, especially in a case where there may possibly be doubt as to the right of further appeal. The utmost that can be said of the order is that it did not settle the scope of the new trial, but left it to be determined in accordance with the law, and therefore acquiescence would not necessarily involve a waiver of the right to present the question now under consideration.

It seems to be well settled that there cannot be two final judgments in this case, and that the reversal of the verdict of the jury as to the first cause of action, and the granting of a new trial thereon, necessarily involved a retrial of the whole controversy, including the second cause of action and the counterclaim. As to the latter, doubt was expressed on the former hearing (71 App. Div. 619, 75 N. Y. Supp. 737) whether an appeal would lie from the order of dismissal, and the question was regarded as presented by an exception taken to a ruling on the trial. But that the whole case should have been sent for retrial would seem to be decided by the cases of Goodsell v. Western Union Telegraph Co., 109 N. Y. 147, 16 N. E. 324; Board of Underwriters v. Nat. Bank, 146 N. Y. 64, 40 N. E. 500; Altman v. Hofeller, 152 N. Y. 498, 504, 46 N. E. 961; and Freel v. County of Queens, 154 N. Y. 661, 49 N. E. 124.

It follows that the judgment and order must be reversed, and a new trial granted of the entire case.

Judgment and order reversed, and new trial of entire case granted; costs to abide the event. All concur.