CLARA HYLER, as Administratrix, etc., of GEORGE J. HYLER, Deceased, Plaintiff, *v.* HARRIET HEYER and WILLIAM BYRON STARR, Defendants.

Supreme Court, Westchester County, July 3, 1941.

*Kavowitz & Karnes*, for the plaintiff.

*Reginald V. Spell*, for the defendants.

PATTERSON, J. The plaintiff moves to aside only such part of the verdict rendered herein as assesses damages and for an order granting a new trial confined to the issue of damages alone.

It is the plaintiff's position that while the jury determined the question of liability in favor of the plaintiff, the amount of the verdict was wholly inadequate and there should be a new trial confined to the issue of damages only.

There is no basis in law, at least in this jurisdiction, for such a motion. In the absence of statute, the common-law rule which still exists in this State is that a verdict is indivisible. In the absence of claimed authority in this jurisdiction, the plaintiff invokes the law of Massachusetts, Vermont, New Hampshire, etc., where she contends the courts approve the practice here sought independent of any statute. But even in the Massachusetts case, cited by the plaintiff, namely, *Simmons* v. *Fish* (210 Mass. 563; 97 N. E. 102) the court said, " It is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case. Although we do not say that there cannot be such a case, it is hard to conceive of one."

The right to move for a new trial arises entirely from the provisions of section 549 of the Civil Practice Act. That section provides for the granting of a new trial upon exceptions or because the verdict is for either excessive or insufficient damages. The language would seem to clearly indicate and contemplate a retrial of the whole case.

It would have been a simple thing for the Legislature, if it so intended, to confer upon the trial court the power to segregate the issues within a single cause of action in the manner here sought by plaintiff. Unless the statute can be so construed, plaintiff's motion must be denied since it has no basis at common law. " A new trial in a common-law action against a single defendant can be granted only as to the whole action, and so far the common-law rule is still in force." (*Goodsell* v. *Western Union Tel. Co.*, 109 N. Y. 147.) (See, also, *City of Buffalo* v. *D., L. & W. R. R. Co.*, 176 id. 308; *Vernon* v. *O'Bannon Co.*, 86 App. Div. 374; *Arnold* v. *Arnold*, 230 id. 79; *Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542.)

It is true that section 463 of the Civil Practice Act has been amended to provide in cases where a jury has disagreed as to one or more of the issues, for a retrial only of such issues in the court's discretion. Here, there has been no disagreement on any issue.

It is my opinion until such time as the Legislature sees fit to enact proper statutory authority therefor, a motion such as the instant one must be denied, and I so order.