Colden, J.
Motion by plaintiffs for an order setting aside that part of the jury’s verdict which concerns damages, on the ground of inadequacy and directing a new trial solely of the issue of damages.
The infant plaintiff while en ventre sa mere was severely injured, and the jury has found that said injuries were caused by defendant’s negligence. As a result of the injuries the infant was microcephalic when born and is unfortunately retarded for life, both mentally and physically.
The jury rendered a verdict of $10,000 for the infant and $5,000 for her father for loss of services. There was testimony that the cost of maintaining the infant in a private institution was $150 per month, plus medical expenses of about $50 per month. There was evidence that the child has a life expectancy of about twenty-five years. Undoubtedly the verdict is inadequate.
The problem presented here, however, is that the plaintiffs have not moved to set aside the verdict in its entirety, but only *777 so much, thereof as concerns damages and would limit a new trial to the issue of damages alone. This the court is without power to do. The court may set aside the entire verdict and order a new trial of all of the issues (Massolo v. Elm Coal & Oil Corp., 260 App. Div. 927), hut it has no authority in this type of action to order the retrial solely of the issue of damages. (Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 192-204.)
Since plaintiffs have not moved to set aside the verdict in its entirety and for a new trial of all of the issues, that question is not before the court. The motion to set aside the verdict insofar as it concerns damages and for a new trial solely of that issue is denied.
Submit order.