■ JOHN R. SCHROEDER, Respondent, v. SYRACUSE TRANSIT CORPORATION, Appellant.— Order modified on the law and facts so as to direct a new trial of all issues and as so modified, affirmed, without costs of this appeal to either party. Memorandum: We regard the motion made by the plaintiff's counsel, upon the coming in of the verdict, as a motion to set aside the verdict upon the ground of inadequacy, with an abortive effort upon the part of plaintiff's counsel to limit the effect of the setting aside of the verdict to the issue of damages so that the verdict would continue to stand as an adjudication of the defendant's liability. The court ordered a new trial with a similar purported limitation. Under the authorities cited in the dissenting memorandum, we agree that the

limitation was improper and that a new trial should have been ordered as to all issues. If the order setting aside the verdict were to be held a nullity in its entirety and if a judgment were then entered upon the verdict, the plaintiff presumably would have the right to appeal anew from the judgment so entered, to this court. Upon such an appeal, we would have to reverse the judgment and grant a new trial, since it is undisputed that the verdict of $100 was inadequate in view of the plaintiff's injuries. This would put the plaintiff to the needless expense of a second appeal to obtain the relief which can properly be granted upon the present appeal. Neither party upon this appeal asks for a reinstatement of the verdict. As is pointed out in the dissenting memorandum, all that the defendant-appellant asks upon this appeal is that the order be modified so as to direct " a new trial on all the issues." We are not rendered powerless to order a new trial of all issues at this time because of any deficiency in the form of the motion which was made by the plaintiff in the court below. Plaintiff's position was self-evident; he did not wish to have the verdict stand in any event; he made an effort to limit the scope of the new trial but it is clear that, if the effort was unsuccessful, he wished to have a new trial of all issues. In any event, we are not restricted in our disposition of the case by the form of the motion made by the plaintiff. The trial court had the right to set aside the verdict and to order a new trial, because of errors of law or fact, upon its own motion, in the exercise of its inherent power (*Goodrich* v. *Ross-Ketcham Co.*, 274 App. Div. 157; *Schmidt* v. *Brown*, 80 Hun 183; 7 Carmody-Wait, New York Practice, p. 101; 66 C. J. S., New Trial, §§ 115, 116). We have the same power upon appeal; we can modify the order appealed from so as to make it conform to the order which the trial court should have granted (Civ. Prac. Act, § 584; *O'Connor* v. *Papertsian*, 309 N. Y. 465). The order appealed from should therefore be modified so as to direct a new trial of all issues, and as so modified it should be affirmed. All concur, except McCurn, P. J., and Kimball, J., who dissent and vote for reversal in the following memorandum: The jury in this negligence action rendered a verdict of $100 damages for personal injuries. Upon the coming in of the verdict, plaintiff's counsel moved " to set aside the verdict only insofar as damages awarded are concerned in that the $100.00 award by the jury after having found as a matter of fact that the Syracuse Transit Corporation was solely responsible in this case is inadequate as a matter of fact * * * respectfully request that the Court order a trial only insofar as the damages awarded are concerned and the other issues remain as found by the jury." A written order from which defendant appeals reads in part as follows: " Ordered that a new trial in the above entitled case be held on the question of damages alone and that all other facts having been resolved by the aforementioned jury on the negligence of the defendant at the December 3, 1958 term of the Supreme Court, City of Syracuse, County of Onondaga, State of New York, remains as decided." Where the verdict is an entire one as in a negligence action for a single sum of money on a single cause of action, it cannot be severed so as to grant a new trial as to part of the issues only. Plaintiff's remedy was to move under section 549 of the Civil Practice Act to set aside the entire verdict and for a new trial upon all the issues. No such motion was made and the order appealed from is unauthorized. (*Hyler* v. *Heyer*, 177 Misc. 68.) The order should, therefore, be reversed. (See *Meyers* v. *Mohr*, 1 Misc 2d 776.) While the plaintiff seeks on this appeal to sustain the order appealed from, the defendant at the conclusion of its brief states: " The order * * * should be modified by directing a new trial on all the issues." However, neither the plaintiff nor the defendant moved for such relief before the trial court. Moreover, since the motion of the plaintiff for a new trial, only on the issues of damages, was together with the order unauthorized and wholly erroneous, we

must reverse the order in its entirety. There is nothing left of the order appealed from to modify. Upon this appeal we review only the acts of the trial court. The trial court did not on its own motion or otherwise rule in favor of, or against either party with respect to any relief within the purview of section 549 of the Civil Practice Act. (Appeal by defendant from order of Herkimer Special Term setting aside a verdict of a jury in favor of plaintiff as inadequate and granting a new trial.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.